Opinion
COLE, J.
Defendant appeals his conviction of violating Penal Code section 626.9. That section provides, in applicable part, that “Any person, [here follow exceptions not relevant to the present case] who brings or possesses a firearm upon the grounds of any public school, including the University of California and the state university and colleges, or within any public school including the University of California and the state colleges, unless it is with the permission of the school authorities, shall be punished [as specified in the statute].” Specifically, defendant was charged with having in his possession and bringing upon the grounds of the University of California at-Los Angeles a firearm without permission of the school authorities. The matter was charged as a felony. A preliminary hearing was held and defendant’s motion to dismiss the action because of constitutional objections to the statute was denied. The court then fixed the matter as a misdemeanor pursuant to Penal Code section 17, subdivision (b), subsection (5), and defendant thereupon pleaded guilty.
*Supp. 4 On this appeal defendant raises constitutional objections to section 626.9. We affirm.
I. Due Process - Vagueness Argument
Defendant first argues that the language and context of section 626.9 “creates a substantial uncertainty” as to what is being prohibited. Particularly, defendant argues that the origin and context of the section would suggest to anyone who sought to determine its application that only the bringing or possessing of loaded firearms was prohibited. This argument is based on the fact that the predecessor statute to 626.9 was Penal Code section 171c. That section made it an alternate felonymisdemeanor to, among other things, bring or possess a loaded firearm upon the grounds of any public school, including the university and the state colleges unless by permission of the school authorities. That portion of section 171c was deleted by statutes 1970, chapter 259, section 1, and section 626.9 was added by section 2 of the same chapter law.
We see no vagueness or ambiguity at all in the language of section 626.9. It clearly forbids the bringing of a firearm on to the university grounds. As the People point out, the Legislative Counsel’s digest with respect to the bill which became chapter 259 states that the bill “forbids bringing or possessing any firearm, rather than only loaded firearm . . .” upon the university grounds.
Defendant points out that the publishers of West’s Annotated California Codes have captioned the section “Loaded firearms; bringing into or possession of upon or within public schools and grounds; exceptions.” The unofficial caption is, of course, no part of the statute. (In re Halcomb (1942) 21 Cal.2d 126, 130 [130 P.2d 384].) The statute clearly gives notice that the possession of unloaded firearms is proscribed.
Second, defendant urges that the statutory exception allowing one to bring a firearm on to the university grounds “with the permission of the school authorities” is unconstitutionally vague since it cannot be ascertained therefrom which persons are “the school authorities” and the discretion given to them is unfettered. We do not reach this contention. Defendant was convicted upon his plea of guilty. We have no facts to indicate that the “school authorities” exception operated in any way with respect to defendant’s conduct. He does not show that he sought *Supp. 5 permission or even considered asking for it. At least in cases not involving First (e.g. Fort v. Civil Service Commission (1964) 61 Cal.2d 331, 338-339 [38 Cal.Rptr. 625, 392 P.2d 385]) or, in California, Fourth (Kaplan v. Superior Court [1971] 6 Cal.3d 150, 155-161 [98 Cal.Rptr. 649, 491 P.2d 1]) Amendment rights, it is a well established rule “that one will not be heard to attack a statute on grounds that are not shown to be applicable to himself and that a court will not consider every conceivable situation which might arise under the language of the statute and will not consider the question of constitutionality with reference to hypothetical situations.” (In re Cregler (1961) 56 Cal.2d 308, 313 [14 Cal.Rptr. 289, 363 P.2d 305]; Davis v. Municipal Court (1966) 243 Cal.App.2d 55, 59 [52 Cal.Rptr. 189].)
Here defendant pleaded guilty. A plea of guilty is an admission of every element of the offense charged, and no other proof of the corpus delicti is necessary. (People v. Jones (1959) 52 Cal.2d 636, 651 [343 P.2d 577].) Moreover, a plea of guilty, since it is a conclusive admission of guilt, raises no issue of fact. (People v. Johns (1959) 173 Cal.App.2d 38, 42 [343 P.2d 92].)
Clearly, under the terms of section 626.9, a showing that a defendant had “received permission of the school authorities” would exempt him from punishment. Under the Jones and Johns cases cited supra, appellant’s admission of guilt not only conclusively establishes his guilt, but also raises no issues of fact; a fortiori appellant did not, nor could he prove that he brought the subject firearm on campus “with the permission of the school authorities,” since were that fact proven he would not be criminally liable.
This case was originally filed as an alternate felony-misdemeanor. As noted, prior to defendant’s plea of guilty a preliminary hearing was held in which only a university police officer and another university employee testified. The thrust of their testimony was that the weapon in question was found in a university locker indicated to be unassigned on the school records; that the weapon was traced to defendant and that, after proper warnings, he admitted that the weapon was his. The plea of guilty then followed. In In re Cregler, supra, the court also said: “Petitioner has not shown thát the statute is being invoked against him in the aspects or under the circumstances which he suggests, and hence may not be heard to complain.” (Italics applied.) (56 Cal.2d at p. 313.) See also People v. Perry (1931) 212 Cal. 186, 193 [298 P. 19, 76 A.L.R. 1331]: “. . . It is *Supp. 6 incumbent upon a party to an action or proceeding who assails a law invoked in the course thereof to show that the provisions of the statute thus assailed are applicable to him and that he is injuriously affected thereby.” The principle has been applied in a situation closely analogous to the present one. In In re Durand (1935) 6 Cal.App.2d 69 [44 P.2d 367], the petitioner pleaded guilty to the crime of escaping from, the legal custody of an officer—the Chief of Police of the City of Los Angeles. Petitioner complained that the section under which he was charged was unconstitutional since it referred to one escaping from the lawful custody of “any officer or person” (then Pen. Code, § 107), and that this reference did not specify the person in whose custody a prisoner must be and that it therefore was too vague and indefinite. The court refused to consider the constitutional question, pointing out that “it must appear he is aggrieved by the operation of that particular part of the law” under which he was convicted. Since he had pleaded guilty to escaping from the custody of the Los Angeles Chief of Police, the parts of the law challenged were irrelevant to his case.
Because petitioner pleaded guilty to bringing a firearm on to the university campus without the permission of the school authorities, he has not shown that any issue of vagueness, with respect to the identity of the authorities whose permission, he did not have, is relevant to his case.
II. Defendant Also Urges That Section 626.9 is Unconstitutional ín That it Denies Equal Protection of the Law.
The argument is that other statutes (e.g., Pen. Code, §§ 171d and 12031) prohibit certain conduct with respect to loaded firearms in public places and that the application of section 626.9 to unloaded as well as loaded firearms “unreasonably distinguishes public schools from the multitude of other public places where ‘unloaded’ firearms may be legally possessed.” To state the argument is to refute it. No suspect classification is involved here. All that is necessary to justify legislative classification is that it be reasonable and not arbitraiy, being based upon some difference in the classes having a substantial relation to a legitimate object to be accomplished. (See cases cited in 5 Witkin, Summary of Cal. Law (8th ed.) p. 3635 et seq.) Further, section 626.9 applies to everybody. No group of persons is singled out for special treatment. Anybody who lived through the tumultuous period of the late *Supp. 7 sixties and early seventies can at once discern and appreciate a valid basis for the legislative enactment.
The judgment is affirmed.
Marshall, P. J., and Alarcon, J., concurred.