[No. D028399. Fourth Dist., Div. One. Nov. 21, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
LAURIE EGBERT, Defendant and Appellant.

[No. D028400. Fourth Dist., Div. One. Nov. 21, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
SONIA ALISIA WEEKS, Defendant and Appellant.

---

**COUNSEL**

Steven J. Carroll, Public Defender, Gary R. Nichols and Greg S. Maizlish, Deputy Public Defenders, for Defendant and Appellant in No. D028399.

Steven J. Carroll, Public Defender, and Dawnella Gilzean, Deputy Public Defender, for Defendant and Appellant in No. D028400.

Casey Gwinn, City Attorney, Susan M. Heath, Assistant City Attorney and Kurt D. Mechals, Deputy City Attorney, for Plaintiff and Respondent in No. D028399.

Paul J. Pfingst, District Attorney, Thomas F. McArdle, Robert W. Knox III and James E. Atkins, Deputy District Attorneys, for Plaintiff and Respondent in No. D028400.

---

**OPINION**

**McINTYRE, J.**—These cases come to us on certification from the appellate department of the superior court to decide whether a defendant, after pleading guilty to a misdemeanor, may challenge on appeal the denial of a motion to dismiss on constitutional or statutory speedy trial grounds. We conclude a claimed speedy trial violation, statutory or constitutional, does not survive a guilty plea in misdemeanor prosecutions. Accordingly, we affirm the judgments.

<em>People</em> v. <em>Egbert</em>—D028399

On October 30, 1995, Laurie Egbert was arraigned in the municipal court and pleaded not guilty to five misdemeanor counts involving domestic violence. Although jury trial was set for November 27, 1995, Guy Haines, the prosecution's complaining witness, failed to appear on that date despite having been served with a subpoena. The court granted the People's request

to trail the matter to November 29 and on November 27 issued a bench warrant to secure Haines's presence.

Haines again failed to appear when the case was called on November 29, the 30th day after Egbert's arraignment, despite the prosecutor's efforts to secure his presence. Over defense counsel's objection, the court found good cause to trail the case to the next day. Haines was arrested that evening on outstanding warrants and became available as a witness.

On November 30, Egbert unsuccessfully moved to dismiss on the ground she had been denied her right to speedy trial under Penal Code[1] section 1382 in that she had not been tried within 30 days of her arraignment. Egbert then pleaded guilty to one of the five misdemeanor counts. The court sentenced her to three years' probation on the condition she complete a domestic violence class.

### *People* v. *Weeks*—D028400

Sonia Alisia Weeks was arrested on October 16, 1994, for suspicion of driving under the influence of drugs. She was issued a notice to appear on December 19, and released. However, 10 days before her appearance date, Weeks was arrested and incarcerated for a parole violation, due in part to the October 16 arrest. She remained in prison until February 17, 1996.

On December 16, 1994, Weeks was charged in a two-count misdemeanor complaint. When she failed to appear on December 19, 1994, the date listed on the complaint, the court issued a bench warrant.

Shortly after her release from prison and 15 months after the complaint was filed, Weeks was arraigned and pleaded not guilty. She unsuccessfully moved to dismiss the complaint on the ground her constitutional speedy trial rights had been violated due to unreasonable prearraignment delay. She then pleaded guilty to both counts. Sentence was imposed but stayed pending the outcome of her appeal.

### Procedural Background

Weeks and Egbert appealed to the appellate department of the superior court, arguing the municipal court erroneously denied their motions to dismiss on speedy trial grounds. The appellate department affirmed the municipal court's judgment in both cases, finding a claimed speedy trial violation does not survive a guilty plea. The appellate department also issued

---

[1]All statutory references are to the Penal Code.

an order certifying transfer to this court "to secure uniformity of decision" in light of the seemingly contrary holdings in *People* v. *Hernandez* (1992) 6 Cal.App.4th 1355 [8 Cal.Rptr.2d 324] and *Avila* v. *Municipal Court* (1983) 148 Cal.App.3d 807 [196 Cal.Rptr. 286]. We transferred the cases to this court for hearing and decision under California Rules of Court, rule 62(c),[2] and consolidated them for purposes of appeal.

DISCUSSION

■■■ The issue presented here is whether a claimed speedy trial violation, either constitutional (Weeks) or statutory (Egbert), survives a guilty plea in misdemeanor prosecutions. Courts have consistently held a guilty plea waives appeal of a speedy trial claim, either constitutional or statutory, in felony prosecutions. (*People* v. *Gutierrez* (1994) 30 Cal.App.4th 105, 113 [35 Cal.Rptr.2d 526] [statutory]; *People* v. *Hernandez, supra,* 6 Cal.App.4th at pp. 1357-1358 [constitutional]; *People* v. *Stittsworth* (1990) 218 Cal.App.3d 837, 841 [267 Cal.Rptr. 280] [statutory]; *People* v. *Draughon* (1980) 105 Cal.App.3d 471, 473-474 [164 Cal.Rptr. 440] [statutory]; *People* v. *Lee* (1980) 100 Cal.App.3d 715, 717 [161 Cal.Rptr. 162] [constitutional]; *People* v. *Hayton* (1979) 95 Cal.App.3d 413, 419 [156 Cal.Rptr. 426] [both]; *People* v. *Hocking* (1956) 140 Cal.App.2d 778, 780 [296 P.2d 59] [constitutional].) Only one court has held denial of the statutory right to speedy trial is cognizable on appeal following a guilty plea to a misdemeanor. (*Avila* v. *Municipal Court, supra,* 148 Cal.App.3d at p. 812.) Although we recognize there may be procedural differences in the prosecution of misdemeanors and felonies, we believe those differences have no bearing on the appealability of a speedy trial claim following a guilty plea. Accordingly, we formulate a bright-line rule precluding such appeals in misdemeanor as well as felony cases.

I.  *Appeals Following Guilty Plea*

Appeals from the superior court following a guilty plea are limited to those that raise "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and require a defendant to obtain a certificate of probable cause. (§ 1237.5; rule 31(d); *People* v. *Hobbs* (1994) 7 Cal.4th 948, 955 [30 Cal.Rptr.2d 651, 873 P.2d 1246].) Unlike appeals from the superior court, appeals from a conviction in the municipal court following a guilty plea do not require a defendant to obtain a certificate of probable cause under section 1237.5. (*People* v. *Woods* (1978) 84 Cal.App.3d 149, 154 [148 Cal.Rptr. 312]; *Avila* v. *Municipal Court, supra,* 148 Cal.App.3d at p. 812.) Nevertheless, appealable issues from a municipal

---

[2] All rule references are to the California Rules of Court.

court judgment following a guilty plea are similarly restricted to those that raise "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (§ 1237.5, subd. (a); *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872]; *In re Olsen* (1986) 176 Cal.App.3d 386, 390 [221 Cal.Rptr. 772]; *People* v. *Singer* (1976) 56 Cal.App.3d Supp. 1, 5 [128 Cal.Rptr. 920].)

■ In essence, a guilty plea "concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt." (*People* v. *Turner* (1985) 171 Cal.App.3d 116, 125 [214 Cal.Rptr. 572].) Thus, a guilty plea waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, even if the claim of evidentiary error is based on constitutional violations. (*Ibid.*) "Other than search and seizure issues which are specifically made reviewable by section 1538.5, subdivision (m), all errors arising prior to entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings resulting in the plea." (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028].)

Because a guilty plea also waives any irregularity in the proceedings that would not preclude a conviction, irregularities that could be cured, or that would not preclude subsequent proceedings to establish guilt, may not be asserted on appeal after a guilty plea. "In other words, by pleading guilty the defendant admits that he did that which he is accused of doing and he thereby obviates the procedural necessity of establishing that he committed the crime charged. . . . A defendant thereafter can raise only those questions which go to the power of the state to try him despite his guilt." (*People* v. *Turner, supra,* 171 Cal.App.3d at p. 126.)

## II. *Federal and State Constitutional Rights to Speedy Trial*

■ The right to a speedy trial is guaranteed under both the Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution. (*Klopfer* v. *North Carolina* (1967) 386 U.S. 213, 223 [87 S.Ct. 988, 993, 18 L.Ed.2d 1]; *Harris* v. *Municipal Court* (1930) 209 Cal. 55, 60-61 [285 P. 699].) The speedy trial right, applicable in both felony and misdemeanor prosecutions, is meant to prevent oppressive pretrial incarceration, minimize the accused's anxiety and concern and limit possible impairment of the defense. (*Barker* v. *Wingo* (1972) 407 U.S. 514, 532 [92 S.Ct. 2182, 2193, 33 L.Ed.2d 101]; *Serna* v. *Superior Court* (1985) 40 Cal.3d 239, 248 [219 Cal.Rptr. 420, 707 P.2d 793].) "Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." (*Barker* v. *Wingo, supra,* 407 U.S. at p. 532 [92 S.Ct. at p. 2193].)

■ Once the right to speedy trial attaches under the Sixth Amendment, "a balancing test, in which the conduct of both the prosecution and the defendant are weighed," is used to evaluate a claimed violation. (*Barker* v. *Wingo, supra,* 407 U.S. at p. 530 [92 S.Ct. at pp. 2191-2192], fn. omitted; *Doggett* v. *United States* (1992) 505 U.S. 647, 651 [112 S.Ct. 2686, 2690, 120 L.Ed.2d 520].) The test includes "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." (*Barker* v. *Wingo, supra,* 407 U.S. at p. 530 [92 S.Ct. at p. 2192], fn. omitted.)

Under a federal constitutional speedy trial analysis, "[p]rejudice is presumed when it is reasonable to assume sufficient time elapsed to affect adversely one or more of the interests protected by the speedy trial clause." (*Ogle* v. *Superior Court* (1992) 4 Cal.App.4th 1007, 1020 [6 Cal.Rptr.2d 205].) In misdemeanor cases, for example, "[a] court may appropriately conclude that delays between the filing of a complaint and the arrest of a defendant which exceeds [*sic*] the typical one-year period of limitation generally applicable to misdemeanors are unreasonable and thus presumptively prejudicial within the contemplation of the speedy trial guarantee." (*Serna* v. *Superior Court, supra,* 40 Cal.3d at pp. 252-253.) Similarly, a delay in a felony prosecution may be so lengthy or egregious as to constitute presumptive prejudice. (See *Smith* v. *Hooey* (1969) 393 U.S. 374, 383 [89 S.Ct. 575, 579-580, 21 L.Ed.2d 607]; *Stabio* v. *Superior Court* (1994) 21 Cal.App.4th 1488, 1493-1494 [26 Cal.Rptr.2d 615].)

Presumptive prejudice, however, "cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria . . . ." (*Doggett* v. *United States, supra,* 505 U.S. at p. 656 [112 S.Ct. at p. 2693].) Rather, where prejudice is presumed due to the length of the delay, it triggers the necessity for the court to inquire into other factors, including the effect the delay had on the accused's defense. (*Barker* v. *Wingo, supra,* 407 U.S. at p. 530 [92 S.Ct. at pp. 2191-2192]; *People* v. *Butler* (1995) 36 Cal.App.4th 455, 462, fn. 3 [42 Cal.Rptr.2d 279].) Whether the prosecution is for a misdemeanor or a felony, a defendant "presumptively prejudic[ed]" by the delay must still show the delay in some way prejudiced the particular interests protected by the speedy trial right. (*Serna* v. *Superior Court, supra,* 40 Cal.3d at p. 252; *Ogle* v. *Superior Court, supra,* 4 Cal.App.4th at p. 1021.) Only if, after performing the "difficult and sensitive balancing process" outlined in *Barker,* the court determines the prejudicial effect of the delay on a defendant outweighs any justification for the delay, is dismissal constitutionally compelled. (*Barker* v. *Wingo, supra,* 407 U.S. at p. 533 [92 S.Ct. at p. 2193], fn. omitted; *Serna* v. *Superior Court, supra,* 40 Cal.3d at pp. 262-263.)

■ In contrast to the federal constitutional guarantee, the California constitutional speedy trial right requires a defendant, in either a misdemeanor or felony prosecution, to first sustain the burden of showing that

prejudice was caused by the delay. If actual prejudice is shown, the burden shifts to the prosecution to establish permissible justification for the delay. Where justification exists, the court must then weigh it against the actual prejudice suffered by the defendant. (*Serna* v. *Superior Court, supra,* 40 Cal.3d at pp. 249, 252; *Crockett* v. *Superior Court* (1975) 14 Cal.3d 433, 440 [121 Cal.Rptr. 457, 535 P.2d 321].) "If defendant fails to show prejudice, the court need not inquire into the justification for the delay since there is nothing to 'weigh' such justification against." (*People* v. *Dunn-Gonzalez* (1996) 47 Cal.App.4th 899, 911 [55 Cal.Rptr.2d 404].)

■ Although the initial burden with respect to prejudice differs slightly depending on whether the speedy trial claim is based on the federal or California Constitution, the final analysis is the same: For both misdemeanors and felonies, the weighing process required to establish a constitutional speedy trial violation necessitates consideration of prejudice to the accused in the particular context of the case. By pleading guilty, a defendant concedes the absence of prejudice, having admitted " 'all matters essential to the conviction.' " (*People* v. *Turner, supra,* 171 Cal.App.3d at p. 126, quoting *People* v. *DeVaughn, supra,* 18 Cal.3d at p. 895.) Viewed in this way, a guilty plea in both felony and misdemeanor prosecutions forecloses any further inquiry into whether there has been a deprivation of a defendant's speedy trial right.[3]

In her motion to dismiss on speedy trial grounds, Weeks argued, and the prosecution conceded, she was presumptively prejudiced by the unreasonable delay. We agree the 15 months between the filing of the complaint and Weeks's arraignment constituted presumptive prejudice, requiring the court to consider the other *Barker* factors. (*Serna* v. *Superior Court, supra,* 40 Cal.3d at pp. 252-253.) Weeks also argued she suffered actual prejudice by losing the opportunity for a concurrent sentence. Although we recognize prejudice from an unreasonable delay may result in ways other than missing witnesses and faded memories (see *People* v. *Martinez* (1995) 37 Cal.App.4th 1589, 1594, 1597 [44 Cal.Rptr.2d 673]), prejudice, in whatever form, cannot properly be evaluated in a vacuum. (See *Ibarra* v. *Municipal Court* (1984) 162 Cal.App.3d 853, 858 [208 Cal.Rptr. 783].) The possibility of a lost opportunity for concurrent sentences is merely one of the factors

[3]A defendant may waive the right to a speedy trial. (*People* v. *Wilson* (1963) 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452]; *Ray* v. *Superior Court* (1929) 208 Cal. 357, 358 [281 P. 391]; *People* v. *Hocking, supra,* 140 Cal.App.2d at p. 780.) Accordingly, the erroneous denial of a motion to dismiss on speedy trial grounds does not divest the court of jurisdiction in the fundamental sense, that is, the court is not entirely deprived of power to hear or determine the matter. (See *People* v. *Padfield* (1982) 136 Cal.App.3d 218, 226-227 [185 Cal.Rptr. 903].) In essence, a defendant who pleads guilty after the court denies a motion to dismiss for a speedy trial violation waives the right to a speedy trial.

that goes into the balance under a constitutional speedy trial analysis. (See *People* v. *Gutierrez, supra,* 30 Cal.App.4th at pp. 112-113 [lost opportunity to serve concurrent time, without more, is not the type of prejudice warranting dismissal for statutory speedy trial violation].) As we previously discussed, any claim of prejudice, and the necessity of weighing that claim with other relevant factors, is foreclosed by a defendant's choice to plead guilty.

Our conclusion is consistent with *Hernandez* and other cases holding a guilty plea waives appeal of a constitutional speedy trial claim in felony prosecutions. Because no essential difference appears between misdemeanors and felonies for purposes of a constitutional speedy trial analysis, we simply extend the holdings of those cases to misdemeanor prosecutions.

### III. *Statutory Speedy Trial Right*

We now address the effect of a guilty plea on the appealability of a claimed statutory speedy trial violation and reach the same conclusion. The Legislature has "re-expressed and amplified" the constitutional right to a speedy trial by various statutory enactments, including section 1382. (See *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 779 [126 Cal.Rptr. 251, 543 P.2d 619]; *Owens* v. *Superior Court* (1980) 28 Cal.3d 238, 249 [168 Cal.Rptr. 466, 617 P.2d 1098]; *Sykes* v. *Superior Court* (1973) 9 Cal.3d 83, 88 [106 Cal.Rptr. 786, 507 P.2d 90].) That section sets forth particular time limits within which an accused must be brought to trial. (*Rhinehart* v. *Municipal Court* (1984) 35 Cal.3d 772, 776 [200 Cal.Rptr. 916, 677 P.2d 1206].) █ In both misdemeanor and felony prosecutions, if an accused is not brought to trial within the prescribed period, the court must order the action dismissed "unless good cause to the contrary is shown . . . ." (§ 1382, subd. (a).) The prosecution has the burden of showing good cause. A determination on that issue is within the trial court's discretion and depends on the particular circumstances of the case. (*People* v. *Szeto* (1981) 29 Cal.3d 20, 29 [171 Cal.Rptr. 652, 623 P.2d 213]; *Owens* v. *Superior Court, supra,* 28 Cal.3d at p. 250.)

Where the trial court denies a motion to dismiss under section 1382, the defendant may seek pretrial writ review without demonstrating prejudice from the delay of trial. (*People* v. *Wilson, supra,* 60 Cal.2d at p. 151.) However, a defendant asserting the abridgment of a statutory speedy trial right after conviction must prove not only unjustified delay in bringing the case to trial, but also prejudice flowing from that delay. (*Id.* at pp. 151-152;

*People* v. *Johnson* (1980) 26 Cal.3d 557, 574 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)[4]

As we discussed in the context of a constitutional speedy trial right, a defendant who pleads guilty to either a felony or a misdemeanor concedes the absence of prejudice. Because the appeal of a claimed statutory speedy trial violation likewise requires a showing of prejudice, a reviewing court is precluded by a defendant's guilty plea, in either a felony or misdemeanor prosecution, from "weigh[ing] the effect of the delay in bringing defendant to trial or the fairness of the subsequent trial itself." (*People* v. *Wilson, supra,* 60 Cal.2d at p. 151.) Simply stated, a statutory speedy trial violation does not survive a guilty plea, regardless of whether that plea is to a felony or a misdemeanor.

In *Avila* v. *Municipal Court, supra,* 148 Cal.App.3d at page 812, the court reached the opposite conclusion, holding the "denial of the statutory right to a speedy trial (. . . § 1382) is a cognizable issue on appeal from a judgment of conviction following a plea of guilty or nolo contendere to a misdemeanor." In so holding, the court attempted to distinguish between misdemeanor and felony convictions following guilty pleas for purposes of applying a different standard of appellate review of speedy trial issues. The court noted when a felony is dismissed for violation of section 1382, the prosecution may refile the same charge, but once a misdemeanor has been dismissed under that provision, it cannot be filed again. Thus, the court reasoned, "a section 1382 error requires reversal and dismissal of a misdemeanor conviction without any showing of prejudice [citations] and has nothing to do with guilt or innocence." (*Avila* v. *Municipal Court, supra,* 148 Cal.App.3d at p. 812.)

Our disagreement with *Avila* stems from its oversimplification of the dismissal requirements for statutory speedy trial violations and its resulting characterization of prejudice. Painting with too broad a brush, the court in *Avila* erroneously assumes when a felony is dismissed for violation of section 1382, the prosecution may refile the same charge, but when a misdemeanor is dismissed under that provision, the charge cannot be refiled.

---

[4]In *People* v. *Wilson, supra,* 60 Cal.2d at page 152, the court recognized the erroneous denial of a motion to dismiss would be prejudicial to the defendant where the statute of limitations would bar a new information or indictment for the same offense. In a footnote, the court suggested prejudice similarly would occur where the dismissal of a misdemeanor under section 1387 is a bar to any other prosecution for the same offense. (*People* v. *Wilson, supra,* 60 Cal.2d at p. 153, fn. 5.) *Wilson* was decided before the amendment to section 1387, subdivision (b) permitting misdemeanors for domestic violence to be refiled under certain circumstances. Thus, not all dismissals of misdemeanors result in prejudice to a defendant following denial of a motion to dismiss on speedy trial grounds.

The court then uses this distinction to conclude a misdemeanor defendant is automatically prejudiced by the denial of a statutory dismissal motion. In our view, the dismissal statutes are not so clear-cut. Further, appellate review of a statutory speedy trial issue requires consideration of the type of prejudice arising from the delay in prosecution, not the prejudicial effect caused by denial of the motion itself.

Where the prosecution fails to carry its burden of showing "good cause," an order of dismissal under section 1382 is a bar to any other prosecution for the same offense if it is (1) a felony and the action has previously been dismissed on speedy trial grounds, (2) a misdemeanor charged together with a felony and the action has previously been dismissed on speedy trial grounds, or (3) a misdemeanor. (§ 1387, subd. (a); *In re Smiley* (1967) 66 Cal.2d 606, 632 [58 Cal.Rptr. 579, 427 P.2d 179]; *Dunn* v. *Superior Court* (1984) 159 Cal.App.3d 1110, 1114 [206 Cal.Rptr. 242].) However, an order terminating an action is not a bar to another prosecution for the same offense if it is a felony (§ 1387, subd. (a)) or "if it is a misdemeanor charging an offense based on an act of domestic violence . . . and the termination of the action was the result of the failure to appear by the complaining witness, who had been personally subpoenaed" (§ 1387, subd. (b)). Even where a felony or a misdemeanor charged with a felony has been previously dismissed, certain exceptions permit refiling of the same offense. (§ 1387, subds. (a)(1)-(3), (c).) Accordingly, section 1387 does not uniformly operate as a bar to the refiling of misdemeanor charges, nor does it always permit the refiling of felony charges.

We share the concerns of the *Hernandez* court with respect to *Avila*'s attempt to distinguish between misdemeanor and felony defendants for purposes of showing prejudice. As the court in *Hernandez* noted, *Avila*'s reasoning that a misdemeanor defendant can automatically show prejudice resulting from the denial of a speedy trial motion would also apply to a felony defendant arguing a violation of his constitutional speedy trial rights. In both situations, retrial is barred. (*People* v. *Hernandez, supra,* 6 Cal.App.4th at pp. 1358-1359.)

The fallacy of *Avila*'s reasoning is best illustrated by one of the cases before us. Egbert was not brought to trial until the 31st day after her arraignment due to the failure of the complaining witness to appear. Thus, dismissal of the misdemeanor charges was required unless the prosecution showed good cause for the one day delay. (§ 1382, subd. (a)(3).) Even if the prosecution failed to meet this burden and the court ordered the action terminated under section 1387, subdivision (a), the same charges could be refiled because they were based on acts of domestic violence and the

termination was the result of the complaining witness's nonappearance in spite of his having been personally subpoenaed. (§ 1387, subd. (b).) Thus, although Egbert pleaded guilty to a misdemeanor, she was foreclosed from showing prejudice "because reversal of the judgment on speedy trial grounds would only put the parties back to square one." (*People* v. *Stittsworth, supra,* 218 Cal.App.3d at p. 840.)

## IV. *Conclusion*

The appealability of a claimed speedy trial violation, whether constitutional or statutory, does not depend on whether the charges are misdemeanors or felonies. Instead, principles of waiver applicable to guilty pleas in general control. Rather than create rules that are subject to the vagaries of the dismissal statutes and varying interpretations of constitutional principles, rules we believe would ultimately prove unworkable, we believe the better policy is a uniform rule stating a claimed speedy trial violation, statutory or constitutional, does not survive a guilty plea to either a misdemeanor or a felony.

We do not anticipate our holding will have an adverse impact on the administration of justice. Defendants can challenge the denial of their dismissal motions on speedy trial grounds by pretrial writ review and thereafter decide whether to entertain any plea offers. (See *Serna* v. *Superior Court, supra,* 40 Cal.3d at pp. 263-264; *Ogle* v. *Superior Court, supra,* 4 Cal.App.4th at p. 1013.) They can also proceed to a full evidentiary trial or some abbreviated version and thereby preserve the speedy trial issue for appeal. By choosing instead to plead guilty, defendants relinquish the opportunity for appellate review of their speedy trial claims.

## DISPOSITION

The judgments are affirmed.

Benke, Acting P. J., and Nares, J., concurred.

The petition of all appellants for review by the Supreme Court was denied March 11, 1998.