[No. B116550. Second Dist., Div. Four. Feb. 3, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
DEBRA DIANA AGUILAR, Defendant and Appellant.

**COUNSEL**

Richard A. Levy, under appointment by the Court of Appeal, for Defendant and Appellant.

Gil Garcetti, District Attorney, George M. Palmer and Diana M. Teran, Deputy District Attorneys, for Plaintiff and Respondent.

**OPINION**

**HASTINGS, J.—** ■ This appeal addresses the issue of whether a municipal court denial of a motion to dismiss for violation of a defendant's right to a speedy trial is appealable after the defendant has entered a plea of nolo contendere. We conclude in the negative.

### STATEMENT OF FACTS

On November 9, 1992, a misdemeanor complaint for violation of Penal Code section 653m, subdivision (a), was filed against appellant Debra Diana Aguilar. An arrest warrant was issued on November 12, 1992.

Appellant was arrested on June 18, 1996, the arrest warrant was recalled, and appellant promised to appear on July 17, 1996. She failed to appear on July 17 and a bench warrant was issued.

On February 13, 1997, appellant appeared in court, the bench warrant was recalled, counsel was appointed for appellant and the matter was continued to February 20, 1997. Appellant waived time and was released on her own recognizance.

On February 20, 1997, appellant's counsel made a *Serna*[1] motion to dismiss for failure to timely prosecute the matter. The trial court denied the motion. The matter was then continued to March 18 and appellant was released on her own recognizance.

[1] *Serna* v. *Superior Court* (1985) 40 Cal.3d 239 [219 Cal.Rptr. 420, 707 P.2d 793].

On March 18, appellant failed to appear and a bench warrant was again issued.

On April 1, 1997, appellant was again in court. The People made a motion to amend the complaint to add count 2 alleging a violation of Penal Code section 415. Defendant waived formal preparation of the complaint and pled no contest to count 2. She was placed on summary probation for one year on the following conditions: that she spend one day in county jail; not commit a similar offense; obey all of the laws of the State of California; report any new arrest or change of address to the court within five days; and, not harass or contact the victim (Leo Aguilar) in any manner. In return for the plea of no contest, count 1 was dismissed.

On April 3, 1997, appellant filed a notice of appeal and a proposed statement on appeal identifying the following grounds for appeal: "Improper denial of Motion to Dismiss for Lack of Speedy Trial/Due Process." Counsel was appointed to represent appellant on appeal and an opening brief was filed. Appellant asserted that an appeal after a no contest plea was appropriate pursuant to *Avila* v. *Municipal Court* (1983) 148 Cal.App.3d 807 [196 Cal.Rptr. 286].

The People filed a brief urging that "a person who has pled guilty or no contest to a felony charge may not appeal a trial court's denial of a motion for speedy trial—whether constitutional or statutory," citing *People* v. *Hernandez* (1992) 6 Cal.App.4th 1355 [8 Cal.Rptr.2d 324], *People* v. *Stittsworth* (1990) 218 Cal.App.3d 837 [267 Cal.Rptr. 280], *People* v. *Lee* (1980) 100 Cal.App.3d 715 [161 Cal.Rptr. 162], and *People* v. *Hayton* (1979) 95 Cal.App.3d 413 [156 Cal.Rptr. 426].

On October 7, 1997, the appellate department of the superior court issued a memorandum judgment discussing the applicable authorities and concluding as follows: "We agree with the reasoning set forth in *Hernandez* and determine that the *Hernandez* court's holding applies to the present case. It is clear that appellant's assertion of her Sixth Amendment right to a speedy trial is based on a claim that the passage of time has reduced her ability to present a defense; however, as she has admitted guilt, the passage of time cannot have prejudiced her in any way. As in *Hayton*, here there are no facts to be assessed and there is no innocence to be established. Accordingly, the propriety of the trial court's denial of her motion to dismiss is not cognizable on this appeal." (Fn. omitted.)

On October 22, 1997, the superior court appellate department issued an order of certification pursuant to California Rules of Court, rule 63.[2] Pursuant to Code of Civil Procedure section 911, on October 29, 1997, we issued an order transferring the cause to this court.

## DISCUSSION

We begin with a quote from *Avila*: "[A] petition for a pretrial writ is the preferred method to address a speedy trial claim. [Citation.]" (*Avila* v. *Municipal Court*, *supra*, 148 Cal.App.3d at p. 811.) The reason for this is explained in *Serna* v. *Superior Court*, *supra*, 40 Cal.3d at page 264: "Extraordinary writ review of a misdemeanor defendant's motion to dismiss made on speedy trial grounds is . . . necessary because appeal does not afford an adequate remedy for redress of these violations. Relief should be granted whenever the trial court record establishes a violation of the right to speedy trial guaranteed by the Sixth Amendment. The defendant will thus be accorded some redress for the violation of his interests as he will not have to undergo the strain and expense of trial; the public fisc will be spared the expense of a futile trial and consequent appeal; and an effective means by which to enforce the right to speedy trial will exist."

We next turn to *People* v. *Hernandez*, *supra*, 6 Cal.App.4th at pages 1357-1358, which sets the stage for our discussion: "Insofar as our research discloses, the cases are virtually uniform in holding that a claim of speedy trial violation—whether statutory or constitutional—does not survive a guilty plea. [Citations.] This court recently held that the same analysis applies to an attempt to appeal the denial of a *Mejia*[3] motion. [Citations.] Thus, we regard the law as settled, although we feel constrained to note our disagreement with the one case disclosed by our research which suggests a contrary result. [¶] In *People* v. *Stittsworth*, *supra*, 218 Cal.App.3d the court observed that in *Avila* v. *Municipal Court*[, *supra*,] 148 Cal.App.3d 807, it was held that a *misdemeanor* defendant's speedy trial argument does survive his guilty plea." (*People* v. *Hernandez*, *supra*, 6 Cal.App.4th at pp. 1357-1358, original italics.)

*Hernandez* dealt with a defendant charged with felonies, as compared to *Avila*, which dealt with a defendant charged only with a misdemeanor. Nevertheless, the court noted its disapproval of *Avila* and "reject[ed] the application of *Avila* beyond its facts." (6 Cal.App.4th at p. 1360, fn. omitted.) We agree with *Hernandez* that *Avila* must be considered in light of its

---

[2]The rule, as pertinent, states: "The superior court on application of a party or on its own motion may certify that the transfer of a case to the Court of Appeal appears necessary to secure uniformity of decision or to settle important questions of law." (Cal. Rules of Court, rule 63.)

[3]*People* v. *Mejia* (1976) 57 Cal.App.3d 574 [129 Cal.Rptr. 192].

unique facts, but we also note that the rationale of *Avila* rests upon a misperception of the concept of prejudice.

In *Avila*, a misdemeanor defendant brought a motion to dismiss for violation of his Penal Code section 1382 statutory right to a speedy trial. The motion was denied and the defendant sought a writ of prohibition in the superior court, which was denied. He noticed an appeal from denial of the writ. At the time, Code of Civil Procedure section 904.1 granted a misdemeanor defendant the right to appeal from the superior court's denial of a writ directed to the municipal court. Effective January 1, 1983, the Legislature amended Code of Civil Procedure section 904.1 to eliminate this type of appeal, an amendment which was later determined to be retroactive. (*Avila* v. *Municipal Court, supra,* 148 Cal.App.3d at p. 810.) Rather than dismiss the appeal, the court treated the appeal as a writ. (*Id.* at p. 813.) Thus, the plaintiff in *Avila* did seek redress from denial of his speedy trial motion appropriately, by writ to the superior court, from which an appeal was then properly noticed.

Pending resolution of the appeal, defendant pled no contest to a lesser offense. The issue then arose whether or not an appeal may be prosecuted from denial of a pretrial speedy trial motion. The court concluded in the affirmative, contrary to the prevailing authority, and explained its reasoning as follows:

"We hold that denial of the statutory right to a speedy trial [citation] is a cognizable issue on appeal from a judgment of conviction following a plea of guilty or nolo contendere to a misdemeanor. The cases holding that a violation of Penal Code section 1382 is not cognizable on appeal did not concern misdemeanor convictions [citations] and should be limited to felony convictions.

"Reversal of a felony conviction on appeal because of a speedy trial error requires showing of prejudice. [Citations.] A speedy trial issue is not cognizable on appeal from a felony conviction because the plea of guilty or nolo contendere precludes any showing of prejudice. The *Hayton* court explained that: 'The resolution of a speedy trial or due process issue necessitates a careful assessment of the particular facts of a case in order that the question of prejudice may be determined. [¶] Where the defendant pleads guilty, there are no facts to be assessed. And since a plea of guilty admits every element of the offense charged, there is no innocence to be established.' [Citations.]

"The impact of a Penal Code section 1382 violation on the prosecution of a misdemeanor is, however, quite different. When a felony is dismissed

pursuant to section 1382, the prosecution may refile the same charge. Once a misdemeanor has been dismissed pursuant to section 1382, it cannot be filed again. This distinction leads to a different standard of appellate review of speedy trial issues for misdemeanors; a section 1382 error requires reversal and dismissal of a misdemeanor conviction without any showing of prejudice [citations] and has nothing to do with guilt or innocence. Thus, the rationale for the holding that a speedy trial issue is not cognizable following a guilty plea simply does not apply to a misdemeanor conviction.

"A further distinction between misdemeanors and felonies is that, while Penal Code section 1237.5 limits cognizable issues on appeal following a plea of guilty or nolo contendere to a felony, there is no equivalent misdemeanor statute. [Citation.] Since violation of Penal Code section 1382 requires dismissal of the action without any showing of prejudice in misdemeanor guilty plea appeals, even assuming arguendo that a limitation similar to 'grounds going to the legality of the proceedings' [citation] is implied for such appeals, this error goes to the legality of the proceedings. [Citations.]" (*Avila* v. *Municipal Court, supra,* 148 Cal.App.3d at pp. 812-813.)

The foundation for the decision in *Avila* rests upon its perceived distinction of a difference in the treatment of the concept of measuring prejudice when deciding a misdemeanor speedy trial motion as compared to a felony motion, an incorrect proposition. The court in *Hernandez* recognized this error: "[t]he *Avila* court's discussion of *Hayton* reveals that it confused the 'prejudice' which justifies granting of a motion to dismiss with the 'prejudice' which results from the denial of that motion." (*People* v. *Hernandez, supra,* 6 Cal.App.4th at p. 1359; see also *People* v. *Egbert* (1997) 59 Cal.App.4th 503, 514 [68 Cal.Rptr.2d 913].)

The standard to be used in either misdemeanor or felony prosecutions is discussed in *Serna* v. *Superior Court, supra,* 40 Cal.3d at page 249: "Delays in arrest that are necessary for law enforcement purposes, i.e., those occasioned by inability to locate the accused or witnesses, or to conduct further investigation and gather evidence, do not violate the right to speedy trial unless the prosecution is delayed unreasonably. [Citation.] To determine if the delay is unreasonable and the right to speedy trial violated, 'the prejudicial effect of the delay on [the accused] must be weighed against any justification for the delay.' [Citation.]"

While prejudice will be presumed with a delay of over one year in a misdemeanor prosecution (*Serna* v. *Superior Court, supra,* 40 Cal.3d at p. 254), this does not preclude the prosecution from presenting evidence to rebut the presumption. (*Id.* at p. 264; *People* v. *Egbert, supra,* 59 Cal.App.4th

at p. 510.) If the motion is denied, and the reviewing court deems the denial was in error, the error is inherently prejudicial because a grant of the motion would have precluded further prosecution in most circumstances. (See Pen. Code, § 1387 for the exceptions; *People* v. *Egbert, supra*, 59 Cal.App.4th at p. 514.)

█ We conclude that there should be no distinction between misdemeanor and felony procedures for testing denial of a speedy trial motion. This is confirmed by the Supreme Court in *Serna*, decided after *Avila,* when it noted the purpose of the 1983 amendment to Code of Civil Procedure section 904.1: "The apparent purpose of the amendment was to bring review of municipal court interlocutory orders into conformity with the practice governing review of superior court orders. [Citations.]" (*Serna* v. *Superior Court, supra*, 40 Cal.3d at p. 246, fn. 2.)

### DISPOSITION

The judgment of the municipal court is affirmed.

Vogel (C. S.), P. J., and Baron, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 20, 1998.