Filed 9/28/16  P. v. Sekerke CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEITH SEKERKE,<br><br>    Defendant and Appellant. | D069480<br><br><br><br>(Super. Ct. No. SCN327367) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim von Kalinowski, Judge.  Affirmed.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Keith Sekerke was sentenced to prison for a stipulated term of six years after he pleaded guilty to vehicle theft and admitted allegations he had certain prior convictions. He filed a notice of appeal and obtained a certificate of probable cause to challenge the

validity of his guilty plea.  (Pen. Code, §§ 1237, subd. (a), 1237.5.)  We find no error and affirm.

BACKGROUND

The People filed a felony complaint against Sekerke on January 8, 2014.  After a preliminary hearing, multiple amendments, and consolidation of cases, the People filed a fourth amended information on March 16, 2015, charging Sekerke with two counts of vehicle theft with a prior conviction of the same offense (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5, subd. (a)), two counts of petty theft with a prior qualifying conviction (Pen. Code, §§ 484, 666), one count of unlawful use of personal identifying information of another (*id.*, § 530.5, subd. (a)), one count of receiving stolen property (*id.*, § 496d), one count of burglary (*id.*, §459), and one count of shoplifting (*id.*, § 459.5).  The People also alleged Sekerke had multiple prior convictions that made him ineligible for probation (*id.*, § 1203, subd. (e)(4)), served three prior prison terms (*id.*, § 667.5, subd. (b)), and had one prior conviction that qualified as a strike under the Three Strikes law (*id.*, § 667, subds. (b)-(i)).

Before the filing of the fourth amended information, there were several hearings in the trial court, including a competency hearing that required a suspension of proceedings (Pen. Code, § 1368), and multiple continuances of the trial date.  On February 27, 2015, Sekerke moved to dismiss the case on the ground a continuance of the November 6, 2014 trial date over his objection violated his constitutional and statutory rights to a speedy trial.  The trial court denied the motion on March 16, 2015, the same date the fourth amended information was filed.

Three days later, Sekerke pleaded guilty to one count of vehicle theft and admitted the allegations he had a prior conviction for the same offense and a prior strike conviction. The People agreed to dismiss the balance of the charges and allegations, and the parties stipulated to a six-year prison term.

After he pleaded guilty, Sekerke asked the trial court to relieve his appointed counsel. (See *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).) The court held a hearing and denied Sekerke's request. Sekerke next filed a motion to withdraw the guilty plea (Pen. Code, § 1018) and to dismiss all charges, again complaining the undue delay in prosecution of the case violated his constitutional and statutory rights to a speedy trial. At a combined hearing on the motion and sentencing, the trial court denied the motion, imposed the stipulated six-year prison sentence, and ordered Sekerke to pay victim restitution. The court subsequently denied Sekerke's ex parte request to hold a hearing on the restitution award.

DISCUSSION

Sekerke's appellate counsel has filed a brief, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), setting forth a statement of the case, urging no grounds for reversal of the judgment, and asking this court independently to review the record for error. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search for error:

(1) Whether the trial court erred in denying Sekerke's motion to dismiss the case due to a violation of his right to speedy trial;

3

(2) Whether the trial court abused its discretion in denying Sekerke's motion to withdraw his guilty plea;

(3) Whether the trial court erred in denying Sekerke's post-plea *Marsden* motion; and

(4) Whether the trial court erred by not granting Sekerke's post-sentencing request for a victim restitution hearing.

In the opening brief, counsel also briefly discussed the general legal principles applicable to those issues, including legal authorities showing they had no merit.

After receiving the opening brief from appellate counsel, we informed Sekerke he could file a supplemental brief. He filed two separate letter briefs but advanced the same contentions in both. Sekerke claimed his right to a speedy trial was violated; a pill bottle with his name on it allegedly found in the stolen vehicle was not legally collected and was erroneously introduced as evidence at the preliminary hearing; and the trial court erred by permitting the prosecutor to use evidence of prior convictions against him even though he never took the stand. Sekerke cited no legal authority in support of any of his contentions.

We have reviewed the entire record consistent with the requirements of *Wende*, *supra*, 25 Cal.3d 436, and *Anders*, *supra*, 386 U.S. 738; considered the issues listed by appellate counsel as well as those raised by Sekerke; and found no reasonably arguable grounds to invalidate the guilty plea or otherwise to reverse the judgment. In brief response to the issues raised by Sekerke, we note his claim of a violation of his right to a speedy trial did not survive his guilty plea (*People v. Egbert* (1997) 59 Cal.App.4th 503,

4

513; *People v. Hernandez* (1992) 6 Cal.App.4th 1355, 1357), and the plea waived any right to raise questions regarding the sufficiency or the admissibility of the evidence against him (*People v. Turner* (1985) 171 Cal.App.3d 116, 125).  We further note Sekerke has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

BENKE, J.