Filed 8/9/23

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES DAVISBRAGDON,<br><br>    Defendant and Appellant. | 30-2022-01248296<br><br>(Super. Ct. No. 21NM14212)<br><br>OPINION |

Appeal from a judgment of the Superior Court of Orange County, North Justice Center, James Rogan and Jeremy Dolnick, Judges.  Reversed.

Martin Schwarz, Public Defender, Adam Vining, Assistant Public Defender, and Shawn McDonald, Deputy Public Defender, for Defendant and Appellant.

Todd Spitzer, District Attorney, and Thomas Collins, Deputy District Attorney, for Plaintiff and Respondent.

## INTRODUCTION

A jury convicted defendant James Davisbragdon of violating a protective order (Pen. Code,[1] § 166, subd. (c)(1)).  He contends the trial court violated his right to a speedy trial.  We agree and reverse.

---

[1]    All undesignated statutory references are to the Penal Code.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2021, the People charged defendant with inflicting corporal injury in violation of section 273.5, subdivision (a) (count 1), and violating a protective order in violation of section 166, subdivision (c)(1) (count 2). On December 2, 2021, while in custody, defendant pleaded not guilty to both counts and did not waive time for trial.

On January 3, 2022 (the last day for trial under section 1382 without a time waiver), defendant remained in custody but was not transported to court because he had recently tested positive for COVID-19 and was not yet medically cleared for transport. Dr. C. Chiang, the Medical Director of Correctional Health Services, submitted a declaration stating that if defendant was asymptomatic on January 7, he could be transported to court on January 10. The trial court found good cause to set the case for trial on January 10, 2022.

On January 10, the People and defendant answered ready for trial. Defendant remained in custody but was not transported to court. The trial court (Judge James Rogan) noted defendant was medically cleared for transport to court, but stated it was too late in the day to obtain a jury panel and transport defendant to court as it was approximately 11:30 a.m. Over defendant's objection, the court found good cause to continue the trial to January 11, 2022. Defendant moved to dismiss the case under section 1382, and the court stated it would entertain that motion on January 11. The court granted the People's motion to dismiss count 1.

On January 11, 2022, defendant remained in custody and was transported to court. He again moved to dismiss the case pursuant to section 1382. The trial court (Judge Jeremy Dolnick) denied the motion and the case proceeded to trial on count 2. The jury found defendant guilty.

## DISCUSSION

Defendant argues his statutory right to a speedy trial was violated when the trial court continued his jury trial from January 10 to January 11 without good cause. The People do not claim there was good cause for the continuance, and rightfully so. (See *Jackson v. Superior Court* (1991) 230 Cal.App.3d 1391, 1394 [sheriff's failure to timely transport defendant to court is not good cause for continuance]; *People v. Cole* (2008) 165 Cal.App.4th Supp. 1, 16-17 [lack of available courtrooms due to court congestion is not good cause for continuance].)

Instead, the People argue the conviction should be affirmed because defendant has not established prejudice from the delay. Defendant asserts he need not show prejudice because this misdemeanor case could not be refiled if dismissed under section 1382. After reviewing the relevant statutory and decisional authority, we hold that on appeal a defendant must establish prejudice from the denial of his statutory right to a speedy trial. In this misdemeanor case, where defendant was convicted after trial, and where none of the exceptions in section 1387 would permit the case to be refiled, defendant has established prejudice.

As noted, there is no dispute that defendant's right to a speedy trial under section 1382 was violated when the trial court continued the trial from January 10 to January 11 without good cause. The general rule under section 1387 prohibits a misdemeanor from being refiled if it is dismissed pursuant to section 1382. (§ 1387, subd. (a).) There are exceptions to this general rule; most of them apply to domestic violence cases. (§ 1387, subds. (a)(1)-(4) & (b).) Although the People charged defendant with domestic violence crimes, none of the exceptions in section 1387 apply because both sides answered ready for trial.

3

If this case was before us on a pretrial writ, there is no question that defendant would be entitled to relief because a defendant may seek pretrial writ review of the denial of a statutory speedy trial without demonstrating prejudice. (*People v. Egbert* (1997) 59 Cal.App.4th 503, 512.) But after a conviction, a defendant must demonstrate a statutory speedy trial violation and "prejudice flowing from that delay." (*Ibid.*)

This point is illustrated in *People v. Wilson* (1963) 60 Cal.2d 139. In *Wilson,* the trial court continued the defendant's trial without good cause and over his objection. The defendant appealed, claiming the erroneous denial of his statutory speedy trial right required reversal even in the absence of prejudice. The court agreed the defendant's statutory speedy trial right was violated. (*Id.* at p. 145.) And prior to the commencement of the trial, the defendant did not need to show prejudice to obtain relief. (*Id.* at p. 151.) But on appeal, "[t]he charges are no longer pending against defendant; the delay has ended, and [defendant] has been duly tried and convicted. It is, very simply, too late for defendant to seek to be relieved of a delay that no longer exists." (*Ibid.*) And although the defendant can seek appellate review, on appeal he must "show that the error was a prejudicial one." (*Id.* at p. 152.) Such a standard comports with the California Constitution, which prohibits a judgment from being set aside unless an error results in a miscarriage of justice. (*Ibid.*, citing Cal. Const., art. VI, § 4 1/2 (now Cal. Const., art. VI, § 13).)

But the *Wilson* court also observed that situations exist where the denial of a speedy trial motion to dismiss is prejudicial and relief can be obtained on that basis on appeal. (*Id.* at pp. 152-153.) For example, if the statute of limitations would have barred a new prosecution if the motion to dismiss was granted, the erroneous denial of the motion would prejudice the

4

defendant. (*Ibid.*) And as relevant here, "[I]n a misdemeanor prosecution the erroneous denial of such a motion to dismiss would be rendered prejudicial by Penal Code section 1387, which provides in pertinent part that an order of dismissal (under § 1382) 'is a bar to any other prosecution for the same offense if it is a misdemeanor. . . .' [Citation.]" (*People v. Wilson, supra,* 60 Cal.2d at p. 153, fn. 5.)

Since *Wilson,* with one exception discussed below, appellate courts have consistently held that a defendant must establish prejudice on appeal to obtain relief for a speedy trial violation. (*People v. Johnson* (1980) 26 Cal.3d 557, 574-575 [statutory speedy trial violation requires showing of prejudice on appeal]; *People v. Martinez* (2000) 22 Cal.4th 750, 769 [prejudice is required for statutory speedy trial claim on appeal]; *People v. Giron-Chamul* (2016) 245 Cal.App.4th 932, 956 [on appeal defendant must demonstrate prejudice from denial of statutory speedy trial right].)

The exception to these holdings is *Avila v. Municipal Court* (1983) 148 Cal.App.3d 807. The case has an unusual procedural history that is not relevant to this appeal. But the holding of the case is that a misdemeanor defendant may appeal the denial of his statutory right to a speedy trial after pleading guilty. (*Id.* at p. 812.) The court noted that a felony conviction will be reversed on appeal only if the defendant suffered prejudice as a result of the speedy trial violation. (*Ibid.*) As such, a felony defendant who pleads guilty cannot appeal because his guilty plea precludes any showing of prejudice. (*Ibid.*) "The impact of a Penal Code section 1382 violation on the prosecution of a misdemeanor is, however, quite different. When a felony is dismissed pursuant to section 1382, the prosecution may refile the same charge. Once a misdemeanor has been dismissed pursuant to section 1382, it cannot be filed again. This distinction leads to a different standard of

5

appellate review of speedy trial issues for misdemeanors; a section 1382 error requires reversal and dismissal of a misdemeanor without any showing of prejudice [citations] ...." (*Ibid.*)

Defendant relies on this dicta from *Avila* to support his claim that he need not establish prejudice. But as the People point out, this dicta and the holding of *Avila* have been criticized by other appellate courts. In *People v. Hernandez* (1992) 6 Cal.App.4th 1355, the defendant pleaded guilty to a felony after his motion to dismiss based on a claimed constitutional speedy trial violation was denied. Defendant challenged the denial of that motion on appeal. The court disagreed with *Avila*, and held that a speedy trial violation does not survive a guilty plea. (*Id.* at pp. 1357-1358.) The court also criticized *Avila*'s analysis of prejudice, noting "[t]he reasoning of *Avila* would permit a defendant to raise *any* issue on appeal after a plea of guilty, by arguing that, had his motion been granted, he could not have been successfully prosecuted at any time. We think the absurdity of such a position is obvious . . . ." (*Id.* at p. 1360.)

*Avila* faced similar criticism in *People v. Egbert, supra,* 59 Cal.App.4th 503. There the court disagreed with *Avila* and held that a claimed speedy trial violation, statutory or constitutional, does not survive a guilty plea in misdemeanor prosecutions. (*Id.* at p. 506.) In so holding, the court found that *Avila* "erroneously assume[d] when a felony is dismissed for violation of section 1382, the prosecution may refile the same charge, but when a misdemeanor is dismissed under that provision, the same charge cannot be refiled. The court then uses this distinction to conclude a misdemeanor defendant is automatically prejudiced by the denial of a statutory dismissal motion. In our view, the dismissal statutes are not so clear cut. Further, appellate review of a statutory speedy trial issue requires consideration of the

6

type of prejudice arising from the delay in prosecution, not the prejudicial effect caused by the denial of the motion itself." (*Id.* at pp. 513-514.)

Finally, in *People v. Aguilar* (1998) 61 Cal.App.4th 615, the defendant was charged with a misdemeanor, her constitutional speedy trial motion was denied, and she pleaded no contest. She appealed and the court held that the denial of a speedy trial motion is not appealable when the defendant pleads no contest. (*Id.* at p. 617.) The court also criticized *Avila's* prejudice analysis, finding it "rests upon a misperception of the concept of prejudice." (*Id.* at p. 620.)

Read together, these cases demonstrate that both parties are incorrect. Contrary to defendant's claim, prejudice is required on appeal from the denial of a statutory speedy trial motion in a misdemeanor case. (*People v. Egbert, supra,* 59 Cal.App.4th at p. 512.) And contrary to the People's claim, section 1387's prohibition against refiling a case can establish that prejudice in certain misdemeanor cases. (*People v. Wilson, supra,* 60 Cal.2nd at p. 153, fn. 5.) All of the cases the People cite hold that a defendant may not appeal the denial of a speedy trial motion (whether statutory or constitutional) in a misdemeanor case following a guilty plea because the defendant's guilty plea eliminates any possible prejudice to the defendant caused by the delay. (*People v. Hernandez, supra,* 6 Cal.App.4th at pp. 1357-1360 [constitutional]; *People v. Aguilar, supra,* 61 Cal.App.4th at pp. 621-622 [constitutional]; *People v. Egbert, supra,* 59 Cal.App.4th at p. 515 [both].)

But those cases do not stand for the proposition that section 1387's prohibition against refiling certain misdemeanor cases cannot establish prejudice on appeal when the defendant is convicted at trial. In *Wilson,* in addition to the statute of limitations example, the court stated that the erroneous denial of a statutory speedy trial motion is rendered prejudicial by

7

section 1387.  (*People v. Wilson, supra,* 60 Cal.2nd at p. 153, fn. 5.)  Almost 20 years later, the court reaffirmed that concept in *Johnson*.  In discussing *Wilson* and why the *Johnson* defendant must show prejudice on appeal from a section 1382 violation, the court noted "[t]his is not a case in which the statute of limitations would have been a bar to new charges, or one in which a dismissal would itself have barred refiling."  (*Id.* at p. 574.)  In *People v. George* (1983) 144 Cal.App.3d 956, after trial the defendant claimed a violation of her speedy trial right under section 1381.5.  The court affirmed, finding no prejudice because "the denial of the motion [to dismiss] occurred within one year of the robbery's commission, well within the applicable statute of limitations [citation], and hence dismissal would have been no bar to refiling.  We note that dismissal of the information might also have been prejudicial had there been a prior dismissal on speedy trial grounds (§ 1387; [citation]), but here there was no such prior dismissal."  (*People v. George, supra,* 144 Cal.App.3d at pp. 959-960.)  The court applied the same rationale in *People v. Cory* (1984) 157 Cal.App.3d 1094, 1101, where the court found the defendant's statutory speedy trial right had been violated.  But the defendant could not establish prejudice because "this is not a case in which pretrial dismissal would have barred further prosecution by reason of either section 1387 or the statute of limitations."  (*Ibid.*)  And in *Aguilar,* in discussing the prejudice requirement on appeal for a misdemeanor, the court observed, "If the [speedy trial] motion is denied, and the reviewing court deems the denial was in error, the error is inherently prejudicial because a grant of the motion would have barred further prosecution in most circumstances.  [Citations.]"  (*People v. Aguilar, supra,* 61 Cal.App.4th at p. 622.)

8

Here, defendant's statutory right to a speedy trial was violated when the trial court continued the trial over his objection and without good cause. Defendant did not plead guilty; instead he went to trial and was convicted. As such, he can appeal the denial of his statutory speedy trial motion. But on appeal, defendant must show prejudice. He has established prejudice because if the case had been dismissed under section 1382 as it should have been, it could not have been refiled because none of the exceptions from section 1387 apply.

**DISPOSITION**

The judgment is reversed.

---

Scott Van Camp
Judge

WE CONCUR:

---

Melissa R. McCormick
Presiding Judge

---

Robert A. Knox
Judge

9