[No. F006035. Fifth Dist. Jan. 3, 1986.]

In re THOMAS OLSEN on Habeas Corpus.

**COUNSEL**

Glenn M. Kottcamp, under appointment by the Court of Appeal, for Petitioner.

John K. Van de Kamp, Attorney General, and James T. McNally, Deputy Attorney General, for Respondent.

**OPINION**

**FRANSON, Acting P. J.**—Petitioner, an indigent, pleaded guilty to battery (Pen. Code, § 242) in the Hanford Justice Court. He was fined $850 and sentenced to three years' probation and thirty days in the county jail, less

credit for time served. Thereafter, acting without an attorney, petitioner filed a notice of appeal to the Appellate Department of the Kings County Superior Court. Attorney Joe L. Norcross was appointed to represent petitioner in the appeal.

Mr. Norcross filed a proposed statement on appeal on behalf of petitioner. The proposed statement provided: "The grounds that will be raised on appeal include but are not limited to, A) That trial counsel for the defendant did not inform the defendant of the true nature of the agreed plea bargin [sic], and B) That the Court did not follow the agreed upon sentence and that the sentence is crule [sic] and unusual punishment."

The Appellate Department of the Kings County Superior Court notified petitioner that the record on appeal had been lodged in that court. It also set the date for filing of appellant's opening brief. However, neither a settled statement nor an appellant's opening brief was filed within the allotted time, and the Kings County District Attorney's office moved to dismiss the appeal. Six days later, Attorney Norcross also moved to dismiss the appeal, stating: "In this matter the Appellant appealed on the grounds that the Justice Court did not follow a plea bargain. After revue [sic] of the record of entry of plea, no such bargain was mentioned. Also the Appellant has not communicated to me any facts to set up this grounds for appeal. Therefor [sic] as attorney for the appellant I ask the Court to dismiss this appeal as groundless."

Thereafter, the appellate department dismissed petitioner's appeal with the following language: "A Motion to Dismiss Appeal having been filed by Joe L. Norcross, Attorney for Appellant, and good cause appearing therefor, It Is Ordered that the Appeal be dismissed." A remittitur was then filed.

Petitioner has made several unsuccessful attempts to reinstate his appeal, including two habeas corpus petitions to this court, all of which were denied. Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court. The Supreme Court issued to the Sheriff of Kings County an order to show cause before this court "why the remittitur should not be recalled . . . and his appeal be reinstated." After receipt of a copy of the order to show cause, this court requested briefing on whether petitioner had a right to have his appeal reinstated absent a showing of an arguable issue on which to appeal.

ISSUE

■ *Should petitioner's appeal be reinstated without showing of an arguable issue on which to appeal?*

This question must be answered in the affirmative.

■ In *Anders* v. *California* (1967) 386 U.S. 738 [18 L.Ed.2d 493, 87 S.Ct. 1396], the United States Supreme Court established minimum standards for appointed appellate counsel. Appellate counsel must "support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." (*Id.*, at p. 744 [18 L.Ed.2d at p. 498].)

The California Supreme Court adopted the *Anders* approach in *People* v. *Feggans* (1967) 67 Cal.2d 444 [62 Cal.Rptr. 419, 432 P.2d 21]: "Under *Anders,* regardless of how frivolous an appeal may appear and regardless of how convinced appointed counsel as an advocate may be that there is nothing to advocate, . . . [c]ounsel must prepare a brief to assist the court in understanding the facts and the legal issues in the case. . . . If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw from the case, but he must not argue the case against his client." (*People* v. *Feggans, supra,* 67 Cal.2d at p. 447.)

Finally, in *People* v. *Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071], the Supreme Court expanded the duties of a reviewing court in handling a case which appointed counsel deems to be meritless. ■ *Wende* interpreted *Anders* and *Feggans* as requiring that the appellate court "conduct a review of the entire record whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous. This obligation . . . does not depend on the subsequent receipt of a brief from the defendant personally." (*Id.,* at pp. 441-442.)

The handling of petitioner's appeal obviously fails to meet the *Wende* requirements. It also falls short of the procedure condemned in *Anders*. The question is whether there is any reason the *Wende* procedure should not apply to appeals from misdemeanor convictions. We perceive none.

■ The right to appeal from inferior courts is granted by statute (Pen. Code, § 1466, subd. (b)(1)). The statute provides that the defendant may appeal "From a final judgment of conviction." It further provides: "A sentence, an order granting probation, a conviction in a case in which before final judgment the defendant is committed for insanity . . ., or the conviction of a defendant committed for controlled substance addiction shall be deemed to be a final judgment within the meaning of this section. Upon appeal from a final judgment or an order granting probation the court may review any order denying a motion for a new trial."

The right to appeal from an inferior court also exists after a defendant enters a guilty plea, although the appealable issues perhaps may be restricted to those going to the legality of the proceedings, such as constitutional or jurisdictional error (*Avila* v. *Municipal Court* (1983) 148 Cal.App.3d 807, 812-813 [196 Cal.Rptr. 286]; but see *People* v. *Woods* (1978) 84 Cal.App.3d 149, 154 [148 Cal.Rptr. 312], holding that Pen. Code, § 1237.5 does not apply to appeals from inferior courts) or matters arising after the entry of the plea such as an alleged violation of a plea bargain. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028].)

The issues arising from appeals of misdemeanor convictions often are procedurally and substantively complex, and their resolution has serious consequences to the defendant. This brings into focus the concerns expressed in *Evitts* v. *Lucey* (1985) 469 U.S. 387 [83 L.Ed.2d 821, 830, 105 S.Ct. 830, 836]: "To prosecute the appeal, a criminal appellant must face an adversary proceeding that—like a trial—is governed by intricate rules that to a layperson would be hopelessly forbidding. An unrepresented appellant—like an unrepresented defendant at trial—is unable to protect the vital interests at stake. To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right—like nominal representation at trial—does not suffice to render the proceeding constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all." (*Id.*, at p. 396 [83 L.Ed.2d at p. 830, 105 S.Ct. at p. 836].)

None of the decisions pertaining to a defendant's Fourteenth Amendment due process right to effective appellate counsel have made any distinction

between felony and misdemeanor appeals. For example, the *Anders* court speaking to the "constitutional requirement of substantial equality and fair process," expressed its concern "with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a *criminal* conviction . . . ." (*Anders* v. *California, supra,* 386 U.S. 738, 739, 744 [18 L.Ed.2d 493, 495, 498], italics added.) Similarly, the *Wende* court addressed the rights of indigent appellants generally, rather than discussing these rights in terms of the nature of the charged offense or the severity of the possible punishment. (See also *Evitts* v. *Lucey, supra,* 469 U.S. 387 [83 L.Ed.2d 821, 105 S.Ct. 830].) The guarantees of the federal Constitution do not apply exclusively to felony proceedings; one accused of a misdemeanor is accorded the due process right to counsel (*In re McCoy* (1948) 32 Cal.2d 73, 76 [194 P.2d 531]), and Sixth Amendment speedy trial rights also apply to misdemeanor cases. (*Klopper* v. *North Carolina* (1967) 386 U.S. 213 [18 L.Ed.2d 1, 87 S.Ct. 988]; *Serna* v. *Superior Court* (1985) 40 Cal.3d 239, 256-257 [219 Cal.Rptr. 420, 707 P.2d 793].)

While requiring the appellate departments of the superior courts to process *Wende* briefs would arguably increase their workload, such increase may be less than would first appear. For example, some appellate departments already accept *Wende* briefs. (See, e.g., *Erwin* v. *Appellate Department* (1983) 146 Cal.App.3d 715, 717 [194 Cal.Rptr. 328].) Further, the brevity of most misdemeanor trial records would make such a review a speedier process than that engaged in by the Courts of Appeal in felony appeals.

Respondent's reliance on *People* v. *Pope* (1979) 23 Cal.3d 412 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1], for the proposition that to show inadequacy of counsel, petitioner must establish that counsel's acts or omissions resulted in the withdrawal of a "potentially meritorious defense" (*id.,* at p. 425), is misplaced. *Pope* dealt with the question of inadequate *trial* counsel. This case deals with inadequate *appellate* counsel. Other cases cited by respondent (*People* v. *Lang* (1974) 11 Cal.3d 134, 142 [113 Cal.Rptr. 9, 520 P.2d 393]; *People* v. *Rhoden* (1972) 6 Cal.3d 519, 529 [99 Cal.Rptr. 751, 492 P.2d 1143]; *In re Smith* (1970) 3 Cal.3d 192, 202-203 [90 Cal.Rptr. 1, 474 P.2d 969]) all involve situations where the defendant has had a first appeal and is seeking a second review because of inadequate counsel at the first appeal. Here, appellant has not had the first bite of the apple.

Were this court to require petitioner to show an arguable issue before reinstating his appeal, we would be requiring petitioner to do precisely what *Wende* says is not required: "Since the court's concern was with not merely accepting counsel's assessment of the case [as meritless],

it follows that the determination and concomitant *review of the entire record* must be made *regardless of whether the defendant has availed himself of the opportunity to submit a brief."* (*People* v. *Wende, supra,* 25 Cal.3d at p. 441, italics added.) Requiring the demonstration of an arguable issue to the appellate ·department of the superior court or to this court for habeas corpus relief would strip petitioner of his right under *Wende* to have the appellate department review the trial court record for arguable issues.

We conclude that having given misdemeanor convictees the right to appeal, it is only reasonable that the state should afford a constitutionally adequate first appeal including the right to *effective* appellate counsel. (See *Evitts* v. *Lucey, supra,* 469 U.S. 387 [83 L.Ed.2d 821, 105 S.Ct. 830, 834]; *Griffin* v. *Illinois* (1956) 351 U.S. 12, 20 [100 L.Ed. 891, 899, 76 S.Ct. 585, 55 A.L.R.2d 1055]; *Douglas* v. *California* (1963) 372 U.S. 353 [9 L.Ed.2d 811, 83 S.Ct. 814].) Thus, the rationale of our high court decisions involving criminal appeals generally compels the application of the *Wende* procedures to misdemeanor appeals.

Let a writ of habeas corpus issue to the respondent Appellate Department of the Superior Court of Kings County directing said court to recall its remittitur in the case of People v. Thomas Olsen (Crim. No. 26318) and to reinstate the defendant's appeal.

Martin, J., and Best, J., concurred.