*Supp. 13 Opinion
RICCIARDULLI, J.
Appellant and defendant Antonio Castro pled no contest to petty theft and vandalism after his Penal Code section 991 motion regarding the sufficiency of the evidence was denied. On appeal, defendant argues that his conviction should be reversed due to the trial court’s denial of his Penal Code section 991 motion. We affirm the conviction and hold that defendant is not entitled to relief because he pled no contest following the denial of his motion.
PROCEDURAL AND FACTUAL BACKGROUND
Defendant was charged by a complaint with petty theft and vandalism. (Pen. Code, §§ 484, subd. (a), 594, subd. (a).) The named victim in both crimes was Union Pacific Bank, and the crimes were alleged to have occurred on May 12, 2011.
On October 6, 2011, defendant entered a plea of not guilty, and moved to dismiss the vandalism charge pursuant to Penal Code section 991. The trial court considered the police report and the complaint. Defendant’s attorney argued that there was insufficient evidence regarding vandalism because defendant merely stole sprinkler heads and piping from the victim’s property, and there was not enough evidence that defendant had malicious intent. The trial court denied the motion, finding that it could be inferred that defendant acted with malice.
Defendant’s attorney then indicated that defendant would enter a no contest plea regarding both petty theft and vandalism under an agreed-upon disposition with the prosecution. The court advised defendant of his constitutional rights and the consequences of his plea, and defendant waived his rights, and pleaded no contest to both charged crimes. The court suspended imposition of sentence and granted summary probation with various conditions, including that he perform Caltrans (Department of Transportation) work, pay a fine, and make restitution.
Defendant filed a timely notice of appeal.
DISCUSSION
Defendant argues that his Penal Code section 991 motion should have been granted because there was insufficient evidence before the trial court to support the vandalism charge, and he also argues that the trial court erred in ruling on the motion without obtaining defendant’s consent to consider the police report. The People argue that, since defendant pleaded no contest *Supp. 14 following the denial of the Penal Code section 991 motion, his appeal should be dismissed. The People’s argument is meritorious.
I. The Right to Appeal Following a Guilty or No Contest Plea
“ ‘It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute.’ [Citations.]” (People v. Mazurette (2001) 24 Cal.4th 789, 792 [102 Cal.Rptr.2d 555, 14 P.3d 227]; see People v. Moore (2003) 105 Cal.App.4th 94, 98 [129 Cal.Rptr.2d 84].) The right to appeal in a misdemeanor case is granted by Penal Code section 1466, subdivision (b). Under this section, a defendant may appeal “a final judgment of conviction” or “any order made after judgment affecting his or her substantial rights.” (Pen. Code, § 1466, subd. (b)(1)—(2).)
For purposes of appealability, there is no difference between a guilty plea and, as in the present case, a plea of no contest. Penal Code section 1016 provides that a plea of no contest “shall be considered the same as a plea of guilty,” and “[considering the nature of the plea of nolo contendere, as defined in Penal Code section 1016, supra, a conviction based on that plea is no more subject to review than one based upon a guilty plea.” (People v. Warburton (1970) 7 Cal.App.3d 815, 821 [86 Cal.Rptr. 894].)
In a misdemeanor case, a defendant may appeal following a guilty plea only by raising “ ‘reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.’ ” (People v. Egbert (1997) 59 Cal.App.4th 503, 509 [68 Cal.Rptr.2d 913], quoting Pen. Code, § 1237.5, subd. (a); accord, People v. Aguilar (1998) 61 Cal.App.4th 615, 621 [71 Cal.Rptr.2d 411].) The requirement that a case raise “reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings” is codified in Penal Code section 1237.5 with respect to felony appeals. However, the requirement also applies to misdemeanor appeals because the issues cognizable on appeal following a guilty plea were limited to these grounds even before Penal Code section 1237.5’s enactment. (People v. Hoffard (1995) 10 Cal.4th 1170, 1177 [43 Cal.Rptr.2d 827, 899 P.2d 896].)
H. Denial of a Penal Code Section 991 Motion Does Not Raise Any “Constitutional, Jurisdictional, or Other Grounds Going to the Legality of the Proceedings”
“[A] guilty plea ‘concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant’s guilt beyond a reasonable doubt.’ [Citation.] Thus, a guilty plea waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, even if the claim of evidentiary error is based on constitutional violations. [Citation.] *Supp. 15 ‘Other than search and seizure issues which are specifically made reviewable by [Penal Code] section 1538.5, subdivision (m), all errors arising prior to entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings resulting in the plea.’ [Citation.]” (People v. Egbert, supra, 59 Cal.App.4th at p. 509.)
“We must determine whether the claimed erroneous denial of [the Penal Code section 991] motion brought by defendant is a constitutional, jurisdictional, or other ground going to the legality of the proceedings. If it is, defendant may challenge this denial on appeal. If not, defendant’s challenge is waived by his plea of guilty.” (People v. Hunter (2002) 100 Cal.App.4th 37, 42 [122 Cal.Rptr.2d 229].)
A. Constitutional grounds
Denial of a Penal Code section 991 motion is not a constitutional ground going to the legality of the underlying criminal proceedings. Penal Code section 991 was enacted as a legislative response to In re Walters (1975) 15 Cal.3d 738 [126 Cal.Rptr. 239, 543 P.2d 607], which had held that defendants in custody charged with misdemeanors must be provided a vehicle to contest the constitutionality of their pretrial detention under the Fourth Amendment to the United States Constitution. (See 4 Witkin, Cal. Criminal Law (3d ed. 2000) Pretrial Proceedings, § 227, pp. 435-436.) However, “a plea of guilty waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, and this is true whether or not the subsequent claim of evidentiary error is founded on constitutional violations.” (People v. Turner (1985) 171 Cal.App.3d 116, 125 [214 Cal.Rptr. 572].)
Many grounds based on constitutional requirements have been held to be not preserved following guilty or no contest pleas because they do not render the underlying criminal proceedings unlawful. For example, “an extrajudicial statement relating to [a defendant’s] guilt of a charged crime does not, by reason of a claim that it was involuntarily or improperly induced, raise an issue on appeal based on ‘constitutional, jurisdictional or other grounds going to the legality of the proceedings’ resulting in the plea.” (People v. DeVaughn (1977) 18 Cal.3d 889, 896 [135 Cal.Rptr. 786, 558 P.2d 872].) The same is true of the constitutionality of a pretrial lineup (People v. Meyer (1986) 183 Cal.App.3d 1150, 1157-1158 [228 Cal.Rptr. 635]), and a constitutional speedy trial violation (People v. Egbert, supra, 59 Cal.App.4th at p. 509), neither of which survive a guilty plea. Despite its constitutional underpinning, the denial of a Penal Code section 991 motion likewise does not render the underlying criminal proceeding itself illegal or unconstitutional.
*Supp. 16 B. Jurisdictional or other grounds
The denial of a Penal Code section 991 motion is also not a jurisdictional ground going to the legality of the underlying criminal proceedings. In order for a defendant’s motion to dismiss to be preserved for appeal following a guilty plea, a court must lack fundamental jurisdiction, such as when a defendant is mentally incompetent at the time of the plea (People v. Laudermilk (1967) 67 Cal.2d 272, 282 [61 Cal.Rptr. 644, 431 P.2d 228]); when a court erroneously denies pretrial diversion (People v. Padfield (1982) 136 Cal.App.3d 218, 228 [185 Cal.Rptr. 903]); when the prosecution fails to seek restitution before filing specified welfare fraud charges (People v. Durrett (1985) 164 Cal.App.3d 947, 955 [210 Cal.Rptr. 874]); or when a violation of the Interstate Agreement on Detainers bars prosecution (People v. Cella (1981) 114 Cal.App.3d 905, 915, fn. 5 [170 Cal.Rptr. 915]).
An erroneous denial of a Penal Code section 991 motion deprives a court of the power to act because, if probable cause to believe the defendant committed the crime is lacking, the court must dismiss the case. (See Pen. Code, § 991, subd. (d).) Nonetheless, the erroneous denial of a Penal Code section 991 motion is not a fundamental jurisdictional error which preserves the issue for appeal after a guilty plea. Even though a writ petition could be filed to require the court to dismiss the case, “[t]he presence of a jurisdictional defect which would entitle a defendant to a writ of prohibition prior to trial does not necessarily deprive a trial court of the legal power to try the case if prohibition is not sought.” (People v. Pompa-Ortiz (1980) 27 Cal.3d 519, 529 [165 Cal.Rptr. 851, 612 P.2d 941].) A court still has jurisdiction over the case even if its ruling was wrong.
The denial of a Penal Code section 991 motion cannot be characterized as any other type of ground which goes to the legality of the proceedings. A defendant moving to dismiss under Penal Code section 991 is merely claiming that the evidence of his guilt is lacking. However, “[a] person who pleads guilty to a criminal offense cannot thereafter raise issues relating to his guilt or to the procedures which would otherwise be required to establish his guilt. He may only raise issues which, if true, would preclude the state from prosecuting him despite his guilt.” (People v. Turner, supra, 171 Cal.App.3d at pp. 126-127.)
A good analogy in this context is a court’s denial of a defendant’s motion to set aside an information or indictment in a felony case under Penal Code section 995, which has been held to not survive a guilty or no contest *Supp. 17 plea. (See People v. Warburton, supra, 7 Cal.App.3d at pp. 821-822.) Like a Penal Code section 991 motion, a motion under Penal Code section 995 can be used to challenge the sufficiency of evidence prior to starting trial, and both require that the case be dismissed when probable cause to believe that the defendant committed the charged crime is lacking.
The denial of a Penal Code section 995 motion does not qualify as “constitutional, jurisdictional, or other grounds going to the legality of the proceedings.” The reason is because “The claimed insufficiency of the evidence ... is not an issue which goes to the jurisdiction or the legality of the trial court proceedings in any fundamental sense.” (People v. Warburton, supra, 7 Cal.App.3d at p. 821.) As explained by the Court of Appeal, “Insufficiency of the evidence ... is ‘jurisdictional’ in the special procedural sense that the ruling of the trial court may be reviewed by writ of prohibition .... [Citation.] But the defect is not jurisdictional in the fundamental sense . . . .” (Ibid.; accord, People v. Pompa-Ortiz, supra, 27 Cal.3d at p. 529.)
The California Supreme Court has held that denial of a Penal Code section 995 motion based on suppression of the evidence under the Fourth Amendment does survive a guilty plea, but only because Penal Code section 1538.5, subdivision (m), expressly permits such an appeal. (People v. Lilienthal (1978) 22 Cal.3d 891, 897 [150 Cal.Rptr. 910, 587 P.2d 706].) The Supreme Court based this determination solely on the statutory authorization for the appeal: “It bears emphasis that the authorization in subdivision (m) of appellate review of the denial of a section 995 motion contesting the validity of a search or seizure does not authorize appellate review after a guilty plea of rulings on section 995 motions made on other grounds.” (Ibid.)
Like the denial of a Penal Code section 995 motion, a court’s denial of a motion under Penal Code section 991 does not go to the court’s jurisdiction in any fundamental sense. A denial of a Penal Code section 995 motion does not survive a guilty or no contest plea, and neither does the denial of a Penal Code section 991 motion.
III. Conclusion
The jurisdiction of the court or the legality of the proceedings was not at issue when the trial court denied defendant’s Penal Code section 991 motion and he subsequently entered a no contest plea. Hence, by entering a plea, defendant waived the right to appeal the court’s ruling.
*Supp. 18 DISPOSITION
Defendant’s conviction is affirmed.
Kumar, Acting P. J., and Keosian, J., concurred.