Filed 8/8/13

**TO BE PUBLISHED IN THE OFFICIAL REPORTS**

This opinion has been certified for publication in the Official Reports. It is being sent to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under rules 8.1000-8.1018.

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA, ) | BR 050437 |
| ) | |
| Plaintiff and Respondent, ) | San Fernando Trial Court |
| ) | |
| v. ) | No. 2SR01499 |
| ) | |
| RICARDO AGUILERA LOPEZ, ) | |
| ) | |
| Defendant and Appellant. ) | **OPINION** |
| ) | |

APPEAL from a judgment of the Superior Court of Los Angeles County, San Fernando Trial Court, Lesley C. Green, Judge. Affirmed.

Frederick A. Hurst for Defendant and Appellant.

Carmen A. Trutanich, City Attorney, Debbie Lew, Assistant City Attorney, and John R. Winandy, Deputy City Attorney, for Plaintiff and Respondent.

\* \* \*

INTRODUCTION

Defendant Ricardo Aguilera Lopez appeals his judgment of conviction under Vehicle Code sections 20002, subdivision (a)[1] (count 1) and 14601.2, subdivision (a) (count 2), failure to stop at the scene of an accident and driving with a suspended license, respectively. In this timely appeal, defendant contends that the trial court erred in denying his motion to dismiss under section 41500; that the court's imposition of fines, fees, and assessments was vague and ambiguous; and that the court impermissibly made payment of the criminal conviction fee and

---

[1]All further statutory references are to the Vehicle Code unless otherwise indicated.

1

court operations assessment a condition of probation. We affirm the judgment of conviction and remand the case for sentencing consistent with this opinion.

## BACKGROUND

After being charged with the aforementioned violations, defendant moved to dismiss both counts pursuant to section 41500, which bans prosecution of nonfelony motor vehicle charges pending at the time the defendant is committed to state prison. The court denied the motion and found defendant guilty on both counts.

The court also found that defendant was in violation of probation ordered in the prior case wherein he had been sentenced to 16 months in *county jail* for driving under the influence. On count 1, the court suspended imposition of sentence and placed defendant on probation for 36 months on various terms and conditions, including that he "pay the court's fees" by March 26, 2013. As to count 2, imposition of sentence was suspended and defendant was placed on summary probation for 36 months and ordered to pay "$60 or so for the second conviction, . . . added to the fees also due by March 26th." This timely appeal followed.

## DISCUSSION

*Motion to dismiss*

Defendant contends that the judgment of conviction should be reversed because the court erred in denying his motion to dismiss count 1 and count 2 pursuant to section 41500, subdivision (a), which provides that "[n]o person shall be subject to prosecution for any nonfelony offense arising out of the operation of a motor vehicle . . . which is pending against him at the time of his commitment to the custody of the Director of Corrections . . . ." The trial court denied the motion on the basis that the statute did not apply to defendant as he was not committed to the Department of Prisons at the time of the prosecution of this misdemeanor case. He had been sentenced to *county jail*.[2]

---

[2]The Criminal Justice Realignment Act eliminates state prison as a sentencing option for certain felonies and authorizes courts to impose terms of over one year in county jail for such felonies. (Pen. Code, § 1170, subd. (h).)

2

We agree with the trial court's interpretation of the statute. "Statutory construction begins with the plain, commonsense meaning of the words in the statute, '"because it is generally the most reliable indicator of legislative intent and purpose."' [Citation.] 'When the language of a statute is clear, we need go no further.' [Citation.]" (*People v. Manzo* (2012) 53 Cal.4th 880, 885.) In this case, the language of the statute is clear as it only refers to "commitment to the custody of the Director of Corrections."

Defendant argues that even though he had been sentenced to county jail and not committed to the "custody of the Director of Corrections," the statute should still apply to him under the equal protection clauses of the state and federal Constitutions. (Cal. Const., art. I, § 7, subd. (a); U.S. Const., 14th Amend.) "Broadly stated, equal protection of the laws means 'that no person or class of persons shall be denied the same protection of the laws which is enjoyed by other persons or other classes in like circumstances in their lives, liberty and property and in their pursuit of happiness.' [Citation.]" (*People v. Wutzke* (2002) 28 Cal.4th 923, 943.)

Classifying persons by their commitment to either county jail or state prison "is not made on the basis of race, alienage, national origin, gender or legitimacy, which requires a greater level of scrutiny. [Citations.] Generally, if the classification does not involve a suspect class, legislation is presumed to be valid under the equal protection clause if the statutory classification is rationally related to a legitimate state interest. [Citation.]" (*People v. Mora* (2013) 214 Cal.App.4th 1477, 1483.) "The Legislature may make reasonable classifications of persons, provided the classifications are made with a legitimate goal to be accomplished. [Citation.] To succeed on a claim under the equal protection clause, the appellant first must show the state has adopted a classification that affects two or more similarly situated groups in an unequal manner. [Citation.] The initial inquiry is not whether persons are similarly situated for all purposes, but whether they are similarly situated for purposes of the challenged law. [Citation.]" (*Ibid*.) We find that individuals who face incarceration in state prison versus those who are incarcerated in county jail are not similarly situated *for purposes of section 41500, subdivision (a)*. The purpose of subdivision (a) is to bar prosecution of nonfelony violations

3

where a defendant is serving time in *state prison* as he would generally be serving a longer sentence and face greater obstacles in rehabilitation and reintegrating back into society upon release.

Alternatively, we find that there is a rational basis for the distinction between defendants who are committed to the custody of the Director of Corrections and those who have been committed to county jail. The statute seeks to promote the rehabilitation of *prison* inmates who generally have longer sentences than those inmates who have been incarcerated in county jail. "[T]here is . . . strong public policy that allows felons sentenced to state institutions to obtain relief from detainers that might render their release date uncertain and thus adversely affect their eventual rehabilitation.[] This policy was expressly averted to by the Legislature in the enactment of section 41500. In amending the section in 1972, the Legislature noted that the purpose of section 41500 is to allow prisoners to leave prison with a clean record. [Citation.] The Legislature further noted in 1975, when the section was amended to extend coverage to Youth Authority wards, that the rehabilitative process is aided by eliminating the interruptions due to arrest and prosecution for nonfelony traffic violations . . . ." (*People v. Freeman* (1987) 225 Cal.App.3d Supp.1, 4.) Read as a whole, section 41500 was intended to provide relief to a class of people who would generally face longer periods of confinement and have access to rehabilitation programs during incarceration because they face more difficulty reintegrating into society after detainment. County jails do not have vocational skills programs. (*People v. Ramos* (1996) 50 Cal.App.4th 810, 822.) Also, a county jail inmate will have no further obligations after release, while the prison inmate will have a period of parole. (Pen. Code, § 3000 et seq.)

Even if subdivision (a) applied to commitment to county jail, defendant's argument regarding his eligibility for dismissal is not supported by the record. The record on appeal is devoid of evidence regarding defendant's commitment. The court understood that the defendant had been sentenced to county jail under the Realignment Act. However, there was no evidence presented to the trial court regarding the type of commitment defendant was serving or whether he had, in fact, been committed to custody.

*Payment of fees, fines and assessments*

Defendant correctly states that the trial court's oral pronouncement with regard to fees conflicts with the clerk's minute order, as well as the misdemeanor sentencing memorandum. In regard to fees imposed upon defendant at the sentencing hearing, the reporter's transcript reflects that, as to count 1, the court "also ordered [defendant] to pay the court's fees." The clerk's minute order as to count 1 indicates the court's fees are: a $30 criminal conviction assessment, a $40 court operations assessment, and a restitution fine of $120, for a total of $190 due. As to count 2, the reporter's transcript indicates that the court imposed "an additional fee of . . . $60 or so for the second conviction . . . ." The clerk's minute order for count 2 specifies fees of "$30.00 criminal conviction assessment" and "$40.00 court operations assessment," which total $70. The misdemeanor sentencing memorandum indicates that the court imposed a restitution fine of $120 and a court security fee of $40, for a total of *$190*.

In attempting to clarify the court's order, we look primarily to the transcript of the oral proceedings. The record of the oral pronouncement of the court controls over the clerk's minute order. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2.) The trial court's oral pronouncement refers to the fees and fines, but is simply silent as to the specific amounts and the bases therefor. An order of probation must set forth each fine or fee imposed and the basis of each. (*People v. Eddards* (2008) 162 Cal.App.4th 712, 715.) "Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200.) This is necessary because a probationer must be sure what is required of him, and the court must be able to determine if a condition has been violated. (*People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) The record herein is insufficient to determine the precise conditions of probation. The case is remanded to the trial court to specify the exact fines imposed, as well as the bases therefor. Further, we note that the criminal conviction fee and the court operations assessment may not be imposed as a condition of probation. (*People v. Kim* (2011) 193 Cal.App.4th 836, 842-843.)

DISPOSITION

The judgment is affirmed.  The case is remanded to the trial court for sentencing consistent with this opinion.

_____
KEOSIAN, J.

WE CONCUR:

_____
P. McKAY, P. J.

_____
RICCIARDULLI, J.

6