Filed 10/20/17

CERTIFIED FOR PUBLICATION

IN THE APPELLATE DIVISION SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF FRESNO

| | |
|---|---|
| THE PEOPLE, | ) Sup. Ct. Appeal No. 2623 |
| | ) |
|    Plaintiff and Respondent, | ) Superior Court Case No. |
| | ) 2139667 |
| | ) |
| v. | ) OPINION |
| | ) |
| | ) |
| DRUMOND TYREE ALWIEN, | ) |
| | ) |
|    Defendant and Appellant. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

APPEAL from a judgment of the Superior Court of Fresno County, the Honorable James Oppliger, Judge. Affirmed.[1]

**Attorneys and Law Firms**

Daniel J. Brickey, Public Defender, attorney for defendant/appellant Drumond Tyree Alwien.

Carl Monopoli and Galen Rutiaga, Chief Deputy District Attorneys, attorney for plaintiff/respondent the People of the State of California.

---

[1] This opinion was originally issued by the court on October ___, 2017, and certified for publication on the same date, which is within the time that the appellate division retained jurisdiction. This opinion has been certified for publication in the Official Reports. It is being sent to the Fifth District Court of Appeal to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under Rules 8-1000 – 8.1018.

## I.

### **BACKGROUND**

Appellant received a grant of felony probation after he was returned from the California Department of Corrections and Rehabilitation (CDCR) from a diagnostic evaluation and recommendation pursuant to Penal Code section 1203.03. He then sought to address his pending traffic infraction cases.  In the traffic court, he claimed the prosecution of his pending traffic cases was barred by Vehicle Code section 41500 because he had been committed to the CDCR for a diagnostic evaluation.[2] The traffic court denied his motion to dismiss his consolidated cases, and appellant thereafter entered a guilty plea. He timely filed a notice of appeal.

Appellant again maintains his traffic cases should have been dismissed under section 41500 because he received a "commitment" to the CDCR when he was placed in a diagnostic facility. Respondent challenges this claim arguing appellant was "placed temporarily" in a CDCR diagnostic facility, not actually committed to the CDCR as defined in section 41500. In their initial briefing, both parties assumed without discussion that this matter was appealable.  We requested further briefing on the appealability issue, given appellant's guilty plea.

---

[2] All further undesignated references to sections are to the Vehicle Code unless otherwise indicated.

Appellant maintains his case is indeed appealable, notwithstanding his guilty plea, because his claim challenges the jurisdiction of the court and the legality of the proceedings. Respondent now maintains this case is not appealable and, moreover, appellant should be estopped from challenging his sentence. We believe the claim raised here challenges the legality of the traffic court to proceed in light of the prosecutorial bar in section 41500. As such, we conclude this matter is appealable. We reject respondent's estoppel claim. Ultimately, we reject appellant's contention and affirm the judgment.

## II.

### DISCUSSION

#### A. Appealability

While a certificate of appealability (Pen. Code, § 1237.5) is not required for misdemeanor or infraction appeals taken after a guilty or no contest plea (*In re Olsen* (1986) 176 Cal.App.3rd 386, 390; *People v. Castro* (2012) 207 Cal.App.4th Supp. 9, 14; see Pen. Code, § 1466, subd. (b)), post-guilty-plea misdemeanor or infraction appeals are limited to those that raise "reasonably constitutional, jurisdictional, or other grounds going to the legality of the proceedings." (*People v. Egbert* (1997) 59 Cal.App.4th 503, 508 (*Egbert*); see *In re Olsen, supra*, 176 Cal.App.3rd at p. 390.) This is because "it was a settled tenet of the common law that '. . . irregularities not going to the jurisdiction or legality of the proceedings will not be reviewed' after judgment on a guilty plea." (*In re John B.* (1989) 215

Cal.App.3rd 477, 483, quoting *Stephens v. Toomey* (1959) 51 Cal.2d 864, 870.) The reason for the rule is clear – a guilty plea "`concedes that the prosecution possesses legally admissible evidence sufficient to prove defendant's guilt beyond a reasonable doubt'" (*Egbert, supra*, 59 Cal.App.4th at p. 508, citing *People v. Turner* (1985) 171 Cal.App.3rd 116, 125), it "waives any right to raise questions regarding the evidence, including its sufficiency or admissibility, even if the claim of evidentiary error is based on constitutional violations." (*Ibid*.)

Moreover, because a guilty plea also waives any irregularity in the proceedings that would not preclude subsequent proceedings to establish guilt, they may not be asserted on appeal after a guilty plea. (*People v. Turner, supra*, 171 Cal.App.3rd at p. 126.) "In other words, by pleading guilty the defendant admits that he did that which he is accused of doing and he thereby obviates the procedural necessity of establishing that he committed the crime charged . . . A defendant thereafter can raise only those questions which go to the power of the state to try him despite his guilt."

(*Ibid*.) Here, appellant claims his prosecution should be barred after he was sent to the CDCR for a diagnostic evaluation. In other words, he is challenging the legality of the proceedings after the trial court denied his motion to dismiss under section 41500. Appellant is not challenging the sufficiency of the evidence to convict him, any procedural defects or irregularities, or the sentenced imposed. Because appellant is raising "only those questions which go to the power of the state to try him

despite his guilt" (*ibid*.), we believe, notwithstanding his guilty plea, this case is appealable.[3]

Respondent nevertheless argues appellant should be estopped from complaining about a sentence to which he agreed. However, appellant is not contesting his sentence. Rather, he is challenging the ability of the state to prosecute him in the first instance. Respondent cites *People v. Ramirez* (2008) 159 Cal.App.4th 1412, to support its estoppel claim, arguing appellant received the benefit of his plea bargain, and he should not be heard to complain here. At no time in the traffic court did appellant concede the state's ability to prosecute him. To the contrary, appellant pressed his motion to dismiss, and only after the traffic court denied it, did he enter a guilty plea. We do not believe appellant is "trifling" with this court to "better the bargain through the appellate process." (*People v. Hester* (2000) 22 Cal.4th 290, 295; see *People v. Palmer* (2013) 58 Cal.4th 110, 116-117.) Instead, appellant is again challenging the legality of the proceedings in light of the traffic court's failure to dismiss under section 41500. We reject respondent's estoppel argument.

### B. Review Standard

We must decide, as a question of first impression, whether a probationer "placed temporarily" in a CDCR diagnostic facility pursuant to Penal Code section 1203.03, has received a "commitment to the custody" of the CDCR within the meaning of section 41500. In doing so we are tasked with interpreting the language in each

---

[3] Because we find this case appealable as raising a question going to the legality of the proceedings, we decline to consider whether the trial court also lacked fundamental jurisdiction.

-5-

statute. This inquiry involves our independent review, which requires us to first look to the language of the statutes, mindful that our "fundamental task" is "to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute[s]." (*People v. Pennington* (2017) 3 Cal.5th 786, 795.) If the words "appear susceptible to more than one reasonable construction," we look to "other indicia of legislative intent," and the entire statutory scheme instead of "a single word or phrase." (*Ibid.*) Moreover, if the statutory language is ambiguous, we apply other "maxims of statutory construction," to include: avoiding absurd results, considering the consequences of a particular meaning – including impact on public policy, and following express legislative intent, if any. (*People v. Spriggs* (2014) 224 Cal.App.4th 150, 154-155.)

**C. Appellant Did Not Receive A Prison Commitment When He Was Placed Temporarily In A CDCR Diagnostic Facility**

Section 41500, subdivision (a), bars the prosecution of a person for "pending" non-felony offenses arising out of the operation of a motor vehicle "at the time of his or her commitment to the custody" of the CDCR, the Division of Juvenile Justice (DJJ), or to the county jail pursuant to the Criminal Justice Realignment Act (Pen. Code, § 1170, subd. (h)). This statute "is an exception to the rule that all criminal offenses are subject to prosecution." (*Joseph v. Superior Court* (1992) 9 Cal.App.4th 498, 503.) The statute was originally drafted to grant a fresh start to parolees released from prison or the Youth Authority and to provide freedom from detainers which may impede an inmate's release. (*People v. Lopez* (2013) 218 Cal.App.4th Supp. 6, 11;

*People v. Freeman* (1987) 225 Cal.App.3rd Supp. 1, 4 & fn. 2.) The Legislature believed the rehabilitation process was aided by eliminating interruptions due to arrest and prosecution for certain non-felony traffic offenses. (*People v. Lopez, supra,* 218 Cal.App.4th at p. Supp. 11.)

Appellant maintains the statute is clear, "without any condition or qualification" of how a person received a "commitment" to the CDCR. He adds, the Legislature expressly excluded alcohol-related offenses from section 41500, but did not otherwise limit the statute's application. He concludes if the Legislature meant to exclude people placed temporarily in the CDCR for a diagnostic evaluation, it would have expressly said so as it did with alcohol-related offenses. Respondent counters that temporary placement in a diagnostic facility before sentencing is not a commitment to the CDCR. Respondent points to the legislative intent in section 41500, arguing that temporary placement in a diagnostic facility is not akin to a lengthier prison term requiring a fresh start for the released parolee.

While section 41500 may be facially interpreted as appellant asserts, we agree with respondent that a temporary placement in a diagnostic facility is not a commitment to the CDCR. The statute's legislative history supports our conclusion that a "commitment" means a person committed by a sentence imposed to either the CDCR or local custody under the Criminal Justice Realignment Act. In 1972, the Legislature noted that the purpose of section 41500 is to allow prisoners to leave state prison with a clean record. (Sen. Amend to Assem. Bill No. 749 (1972 Reg. Sess.) Apr. 25, 1972.) Other courts have recognized this legislative purpose. (See

*People v. Lopez, supra*, 218 Cal.App.4th at p. Supp. 11; *People v. Freeman, supra*, 225 Cal.App.3rd at p. Supp. 4.) In 2015, the Legislature extended application of the statute to people committed "to a county jail pursuant to subdivision (h) of Section 1170 of the Penal Code." (Assem. Bill No. 1156 (2015-2016 Reg. Sess.) § 1.) A "commitment" to local custody pursuant to Penal Code section 1170, subdivision (h), is necessarily a sentence imposed.

In contrast, a person placed temporarily in a CDCR diagnostic facility pursuant to Penal Code section 1203.03 is not yet sentenced. (See Pen. Code, § 1170, subd.(b)["In determining the appropriate term, the court may consider the record in the case, the probation officer's report, other reports, including reports received pursuant to [Penal Code s]ection 1203.03 . . .and any further evidence introduced at the sentencing hearing."].) The temporary placement occurs to assist the court to determine the proper sentence, after a consideration of all sentencing factors. (*People v. Arbuckle* (1978) 22 Cal.3rd 749, 756; *People v. Tang* (1997) 54 Cal.App.4th 669, 678-679.) Because a person placed temporarily in a diagnostic facility has not received a commitment for a sentence imposed, we believe that person is not protected by the prosecutorial bar in section 41500.

Moreover, a literal construction, as appellant asserts, would not further the legislative goal behind the statute – to give people a fresh start for rehabilitation upon release from a lengthy term of incarceration. (*People v. Lopez, supra*, 218 Cal.App.4th at p. Supp. 6; *People v. Freeman, supra*, 225 Cal.App.3rd at p. Supp. 4.) In contrast, a person sent to a

-8-

diagnostic facility can spend no more than 90 days in the facility before being returned to the sentencing court. The statute enables the trial court to order a prison-eligible defendant be "placed temporarily" in a "diagnostic facility" for treatment and diagnosis, if the court "concludes that a just disposition of the case requires" such services. (Pen. Code, § 1203.03, subd. (a).) Within 90 days, the prison director shall "cause defendant to be observed and examined and shall forward to the court his diagnosis and recommendation concerning the disposition of defendant's case." (Pen. Code, § 1203.03, subd. (b).)

We do not believe the rehabilitative fresh start envisioned by the Legislature for inmates released after being sentenced to a lengthy term of incarceration was also meant for a probationer who was placed temporarily in a diagnostic facility. We think this the more reasonable result given the potential mischief in interpreting the statute otherwise. For example, appellant's interpretation would extend application of section 41500 to probationers, a class of people clearly not considered by the Legislature.

Appellant nevertheless maintains that probationers returned from a CDCR diagnostic evaluation have not been expressly excluded from section 41500, as other alcohol-related offenders have been. We again note that the Legislature recently extended application of the statute to inmates sentenced to local custody under the Criminal Justice Realignment Act (Pen. Code, § 1170, subd. (h)). The Legislature, however, did not extend the statute's application to probationers, like appellant, who were returned from a 90-day

diagnostic evaluation. Had the Legislature intended to include probationers in section 41500, it could have clearly said so.

At oral argument appellant recognized the legislative purpose behind section 41500 was to give inmates a rehabilitative fresh start on release from custody. He contended he was no less deserving of a fresh start than a CDCR or DJJ parolee. While a fresh start is a laudable goal, it is the Legislature and not this court who can extend section 41500 to probationers. We note under appellant's construction, probationers sentenced to longer jail terms, for example 365 days, without being temporarily placed in a CDCR diagnostic facility, would be unable to avail themselves of section 41500. In contrast, probationers receiving much shorter jail terms on return from a 90-day diagnostic evaluation, would enjoy the statute's prosecutorial bar. Certainly, a probationer serving a longer jail term is as deserving of a fresh start, if not more so, than a shorter-term probationer returned from a diagnostic evaluation. We are unwilling to create this anomaly by interpreting section 41500 as appellant contends.[4]

### III.

### DISPOSITION

The judgment is affirmed.

---

[4] For the first time, at oral argument appellant sought to make an equal protection argument. We are perplexed because appellant expressly disclaimed making an equal protection argument in his opening brief. In any event, we decline to consider this argument and consider it forfeited for the failure to raise it in the briefing. (*People v. Freeman* (1994) 8 Cal.4th 450, 487-488, fn. 3; *People v. Harris* (1985) 165 Cal.App.3rd 1246, 1256, fn. 8.)

_____

Hon. Brian Alvarez, Acting Presiding
Judge of the Appellate Division
Fresno County Superior Court

WE CONCUR:

_____

Hon. Rosemary T. McGuire,
Judge


_____

Hon. Gary D. Hoff,
Judge