[No. B229598. Second Dist., Div. Six. Oct. 19, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM DION HOOVER, Defendant and Appellant.

## COUNSEL

David Andreasen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT, P. J.**—When a court orders a defendant in a criminal case to pay certain probation fees, it may not consider a period of more than one year

from the date of hearing to determine the defendant's future financial position. (Pen. Code, § 1203.1b.) The court, however, is not limited to one year in ordering how long a defendant must make periodic payments.

William Dion Hoover contends the trial court erred when it ordered him to pay the full amount of his probation investigation and supervision fees imposed pursuant to Penal Code section 1203.1b (hereafter section 1203.1b). We affirm.

## FACTS

Hoover pled no contest to transportation of a controlled substance, cocaine. (Health & Saf. Code, § 11352, subd. (a).) The court sentenced Hoover to three years in prison, suspended execution of the sentence and placed him on probation for three years. Probation was conditioned on, among other matters, serving 61 days in jail.

· The court held a hearing on Hoover's ability to pay a $1,375 probation investigation fee and a $90 per month probation supervision fee. Both fees were imposed pursuant to section 1203.1b.

At the hearing Hoover's counsel stated Hoover had not worked since December 2009, and then he was making only $9.50 per hour. In addition, Hoover would not be employed during the 61 days he spent in jail. Hoover stipulated to pay $30 per month toward his probation supervision fee, if the court would waive the $1,375 probation investigation fee.

The court reviewed the probation report and Hoover's statement of assets. It took into account that Hoover had a car and a cell phone, lived in an expensive area, Marina Del Rey, and had no debts.

The court refused to waive the probation investigation fee. It ordered Hoover to pay $30 per month on the combined investigation and supervision fees.

## DISCUSSION

Hoover contends the trial court erred in interpreting section 1203.1b to allow for the imposition of the full cost of probation, regardless of his ability to pay. Section 1203.1b provides in part: "(b) . . . The court shall order the defendant to pay the reasonable costs if it determines that the defendant has the ability to pay those costs based on the report of the probation officer, or his or her authorized representative. The following shall apply to a hearing conducted pursuant to this subdivision: [¶] . . . [¶] (2) At the hearing, if the

court determines that the defendant has the ability to pay all or part of the costs, the court shall set the amount to be reimbursed and order the defendant to pay that sum to the county in the manner in which the court believes reasonable and compatible with the defendant's financial ability. [¶] . . . [¶] (e) The term 'ability to pay' means the overall capability of the defendant to reimburse the costs, or a portion of the costs, of conducting the presentence investigation, preparing the preplea or presentence report, processing a jurisdictional transfer pursuant to Section 1203.9, processing requests for interstate compact supervision pursuant to Sections 11175 to 11179, inclusive, and probation supervision or conditional sentence, and shall include, but shall not be limited to, the defendant's: [¶] (1) Present financial position. [¶] (2) Reasonably discernible future financial position. In no event shall the court consider a period of more than one year from the date of the hearing for purposes of determining reasonably discernible future financial position. [¶] (3) Likelihood that the defendant shall be able to obtain employment within the one-year period from the date of the hearing. [¶] (4) Any other factor or factors that may bear upon the defendant's financial capability to reimburse the county for the costs."

■ Hoover argues the court erred in requiring him to pay the entire probation investigation and supervision fees without substantial evidence that he had the ability to pay. But the court found he had the ability to pay the fees at $30 per month based on his possession of a cell phone and a car and living in an expensive area. That is sufficient evidence to support the order.

Hoover argues the court was inconsistent in finding he had the ability to pay only $30 a month and ordering that he pay the equivalent of $205 per month. But there is no inconsistency. The fees may accrue at $205 per month, but Hoover only has to pay the accrued charges at $30 per month until all the fees are paid.

■ Hoover argues section 1203.1b allows the imposition of only the portion of the probation costs the defendant has the ability to pay. Hoover points out that subdivision (b)(2) of the section requires the court to order reimbursement if the court determines the defendant has the ability to pay "all or part of the costs." The court has the discretion to order the defendant to pay only part of the cost. But here the total probation fees are $4,615. That is not an insurmountable burden, even at the minimum of $30 per month.

■ Hoover appears to argue that the trial court may assess only an amount of fees that he can pay within one year. Section 1203.1b, subdivision (e)(2) provides in part: "In no event shall the court consider a period of more than one year from the date of the hearing for purposes of determining reasonably discernible future financial position." The trial court

is limited to one year for the purpose of determining the defendant's future financial position. But nothing in section 1203.1b limits the time for making payments.

The judgment is affirmed.

Coffee, J., and Perren, J., concurred.

A petition for a rehearing was denied November 1, 2011, and appellant's petition for review by the Supreme Court was denied January 18, 2012, S197905.