Filed 1/14/15  P. v. Alacano CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060162 |
| v. | (Super.Ct.No. INF1200787) |
| DANIEL ZANE ALACANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  William S. Lebov, Judge.

(Retired Judge of the Yolo Super. Ct. assigned by the Chief Justice pursuant to art. VI,

§ 6 of the Cal. Const.)  Affirmed with directions.

Richard Glen Boire, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

Anthony DaSilva and Parag Agrawal, Deputy Attorneys General, for Plaintiff and

Respondent.

Defendant and appellant Daniel Zane Alacano pled guilty to bringing

1

methamphetamine into a Riverside County jail (count 1; Pen. Code, § 4573) and possession of methamphetamine (count 2; Health & Saf. Code, § 11377, subd. (a)). Defendant additionally admitted his commission of the offenses constituted a violation of his existing probation (Pen. Code, § 1203.2, subd. (b)).  Pursuant to defendant's plea agreement, the court granted defendant three years formal probation on various terms and conditions including the payment of fines and fees.

On appeal, defendant contends the imposition of various fines and fees must be stricken because, although the fines and fees appear in the minute order, the court failed to orally pronounce them at sentencing.  Defendant additionally maintains the court erred in imposing some of the fines and fees as conditions of probation.  Finally, defendant argues insufficient evidence supports a finding of defendant's ability to pay certain imposed fines and fees.  We affirm the judgment, but remand the matter for the court to strike the drug program fees, determine defendant's ability to pay those fees, or reserve ruling on a determination of defendant's ability to pay those fees.

FACTUAL AND PROCEDURAL HISTORY[1]

On April 7, 2012, a Riverside County Sheriff's deputy pulled over a vehicle in which a parolee at large was riding.  Defendant was the driver of the vehicle.  He was driving with an expired license.

The deputy arrested defendant and placed him in the back of the deputy's patrol car.  The deputy asked defendant if he had anything illegal on him.  Defendant responded

---

[1] We take our recitation of the facts from the preliminary hearing transcript.

that he did not. The deputy transported defendant to the Indio jail. As defendant was being booked, and prior to being strip searched, defendant surrendered a bag of methamphetamine.

The People charged defendant by information with bringing methamphetamine into a Riverside County jail (count 1; Pen. Code, § 4573) and possession of methamphetamine (count 2; Health & Saf. Code, § 11377, subd. (a)). The People additionally alleged defendant had committed a felony while released on bail or recognizance (Pen. Code, § 12022.1) and had violated the terms of his probation in three separate cases (Pen. Code, § 1203.2, subd. (b)).

On November 18, 2013, defendant and his attorney signed a sentencing memorandum, which specifically listed the amounts and statutory bases for fines and fees that would be imposed as conditions of defendant's probation upon entering his plea. The sentencing memorandum also included "additional orders of the court," which included payment of a drug lab fee and penalty assessment of $190, an additional drug lab fee of $50, a drug education fee of $50, the costs of probation supervision ranging from between $591.12 and $3,744, and reimbursement of attorney fees. Defendant's written plea agreement, signed by defendant and his attorney, reflects defendant would pay fines of $280 and other costs and fees pursuant to his probation terms.

Prior to orally entering his plea, the court asked defendant if he had "[a]ny questions about the agreement of the forms in any way." Defendant responded he did not. After defendant entered his plea, defense counsel made the following request: "The only thing I would ask when looking at the probation terms, he's not employed, doesn't

have any significant assets. On any of the fines or fee items in which you have the question of whether he has the ability to pay, ask that you find no ability to pay. I believe probation supervision costs, attorney's fees, I don't know about the booking fees if those are ability to pay. I think they are."

The court responded, "I'm happy to stand on the attorney's fees and incarceration fees. As far as the other ones are concerned, his ability to pay may change. He's going to be talking to Enhanced Collections Division [ECD]. He may—things may change in the future for him. It's a three-year period. I'll do that at this time." The court then asked defendant, "Do you have any questions about the proposed terms and conditions on the new felony case?" Defendant responded he did not. The court further asked, "No need for me to read each term?" Defendant answered, "No."

The court noted that defendant "must be in contact with [ECD], work out a payment plan . . . ." The court asked if defendant understood "all the terms and conditions that I've read to you?" Defendant responded that he did. The court asked if defendant accepted all of them. Defendant answered that he did. The court did not orally pronounce imposition of any fines or fees. The minute order of defendant's sentencing reflects imposition of the fines and fees as reflected in the sentencing memorandum except a notation that the "Court finds that the Defendant does not have the ability to reimburse the County for Attorney Fees." The probation conditions are unnumbered and the minute order does not indicate which fines and fees are conditions of probation and which may not be.

4

DISCUSSION

A.      Oral Imposition of Fines and Fees.

Defendant contends all the fines and fees "imposed" pursuant to the minute order must be stricken because the court never orally pronounced imposition of them. The People maintain defendant invited any error or waived oral pronouncement of the fines and fees by agreeing that the court did not need to read each term. We hold defendant waived or invited any error.

"Although we recognize that a detailed recitation of all the fees, fines and penalties on the record may be tedious, California law does not authorize shortcuts." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200; accord, *People v. Lopez* (2013) 218 Cal.App.4th Supp. 6, 12 [trial court's reference to fees and fines, but silence as to amounts and bases required remand regardless of specifics contained in minute order and sentencing memorandum].)

"'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right." [Citation.] Whether a particular right is waivable; whether the defendant must participate personally in the waiver; whether certain procedures are required for waiver; and whether the defendant's choice must be particularly informed or voluntary, all depend on the right at stake. [Citations.]' [Citation.]" (*People v. Collins* (2001) 26 Cal.4th 297, 305, fn. 2.)

We hold that defendant waived or invited error with respect to the court's disinclination to recite on the record all the fines and fees it was imposing. Here, by

5

virtue of the sentencing memorandum and plea agreement signed by defendant and his attorney, it is apparent defendant agreed to the imposition of these fees in the amounts recited in the minute order. Although we observe it is both the normal and better practice to expressly recite all the fines and fees imposed and their bases. (*People v. Hamed* (2013) 221 Cal.App.4th 928, 939 ["A detailed description of the amount of and statutory basis for the fines and penalty assessments imposed would help the parties and the court avoid errors in this area"].)

Here, the minute order does not contradict the court's oral pronouncements; rather, the minute order appears to reflect the court's intent to impose fines and fees, which the court failed to express on the record at all. Considering the record in its totality, it is apparent the court intended to impose the fines and fees reflected in the minute order. Indeed, defendant's plea agreement, the sentencing memorandum, and the court's express mention of the terms of defendant's probation and defendant's need to "work out a payment plan" with EDC all reflect the parties and the court's understanding that defendant would be required to pay the fines and fees expressed in the minute order. Moreover, the court asked defendant if there was a "need for me to read each term." Defendant answered, "No." Thus, defendant waived or invited any error in the court's failure to orally impose the fines and fees.

B.     Fines and Fees Imposed as Conditions of Probation.

Defendant contends the court, at least as reflected in the minute order, unlawfully imposed the court security, the probation supervision, and the court facilities fees as conditions of defendant's probation. The People maintain the court did not impose those

fees as conditions of defendant's probation, but rather imposed them as "additional orders of the court." We agree with the People.

"Certain fines such as those relating to restitution, for example, may by statute be imposed as conditions of probation, but the court security fee is not one of them. [Citations.]" (*People v. Pacheco* (2010) 187 Cal.App.4th 1392, 1402-1403, disapproved of on another ground in *People v. McCullough* (2013) 56 Cal.4th 589, 599.) "The imposition of the court security fee as a condition of probation [is] unauthorized because like probation costs, this fee is collateral to [the defendant's] crimes and punishment and as such, its payment may not be made a condition of probation. [Citations.]" (*Pacheco*, at p. 1402.) Likewise, payment of the costs of probation supervision may not be made a condition of probation. (*People v. Hall* (2002) 103 Cal.App.4th 889, 892; *Brown v. Superior Court* (2002) 101 Cal.App.4th 313, 321-322.) Similarly, the court facilities fee may not be made a condition of probation. (*People v. Kim* (2011) 193 Cal.App.4th 836, 843; *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1413-1414.)

Here, it does not appear the court intended to impose the court security, probation supervision, and court facilities fees as conditions of defendant's probation. The sentencing memorandum indicates the parties' intent that these fees would be imposed as "additional orders of the court," rather than conditions of defendant's probation. Likewise, in the minute order, these fees come after what appears to be the conditions of defendant's probation. Indeed, the criminal case report from defendant's case available online, of which we took judicial notice, specifically enumerates the conditions of defendant's probation. None of those enumerated probation conditions contain the fees

7

defendant challenges here. Thus, the court security, probation supervision, and court facilities fees were not improperly imposed as conditions of defendant's probation.

C.     Ability to Pay.

Defendant contends the court erred in imposing a criminal justice administration fee (Gov. Code, § 29550, subd. (d)(2)), probation supervision fee (Pen. Code, § 1203.1b, subd. (e)(2)), and drug program fees (Health & Saf. Code, § 11372.7, subd. (b)), without making a determination of defendant's ability to pay those fees. The People contend the court referred the matter to EDC for a determination of defendant's ability to pay; thus, defendant's complaint is premature because no ability to pay determination or order of payment has been rendered. We disagree that the court imposed a criminal justice administration or probation supervision fee. However, we agree the court improperly imposed drug probation fees without making the requisite determination of defendant's ability to pay those fees.

"The court shall, as a condition of probation, order the convicted person, based on his or her ability to pay, to reimburse the county for the criminal justice administration fee, including applicable overhead costs." (Gov. Code, § 29550, subd. (d)(2).) "In any case in which a defendant is convicted of an offense . . . and in any case in which a defendant is granted probation . . . the probation officer, or his or her authorized representative, taking into account any amount that the defendant is ordered to pay in fines, assessments, and restitution, shall make a determination of the ability of the defendant to pay all or a portion of the reasonable cost of any probation supervision . . . . The probation officer shall inform the defendant that the defendant is entitled to a

8

hearing, that includes the right to counsel, in which the court shall make a determination of the defendant's ability to pay and the payment amount. The defendant must waive the right to a determination by the court of his or her ability to pay and the payment amount by a knowing and intelligent waiver." (Pen. Code, § 1203.1b, subd. (a).)

The determination of defendant's "ability to pay" means consideration of defendant's present financial situation; reasonably discernible future financial situation which shall, in no event, involve consideration beyond a period of one year from the date of the determination; the likelihood of defendant's gaining employment within a year; and any other relevant factors. (Pen. Code, § 1203.1b, subds. (e)(1)-(4).) A determination of ability to pay must be supported by substantial evidence. (See *People v. Hoover* (2011) 199 Cal.App.4th 1470, 1473; *People v. Pacheco*, *supra*, 187 Cal.App.4th at p. 1398.)

"The court shall determine whether or not the person who is convicted of a violation of this chapter has the ability to pay a drug program fee. If the court determines that the person has the ability to pay, the court may set the amount to be paid and order the person to pay that sum to the county in a manner that the court believes is reasonable and compatible with the person's financial ability. In its determination of whether a person has the ability to pay, the court shall take into account the amount of any fine imposed upon that person and any amount that person has been ordered to pay in restitution. If the court determines that the person does not have the ability to pay a drug program fee, the person shall not be required to pay a drug program fee." (Health & Saf. Code, § 11372.7, subd. (b).)

Here, defendant expressly objected to the imposition of any fines or fees in which an ability to pay determination was required to be made. Contrary to defendant's contention, the court did not impose a criminal justice administration fee pursuant to Government Code section 29550, subdivision (d)(2), which would require an ability to pay determination. Rather, it imposed a booking fee pursuant to Government Code section 29550, subdivision (a), which does not require such a finding. Indeed, the court expressly ordered defendant was not required to pay "incarceration fees." Thus, the court did not improperly impose a criminal justice administrative fee.

Likewise, although the minute order reflects the court ordered payment of a fee ranging from between $591.12 and $3,744 for the costs of probation supervision, the court did not actually order payment of a definitive probation supervision fee. Rather, the court ordered defendant pay "the costs of probation supervision in an amount to be determined by the Probation Department."

We note section Penal Code section 1203.1b, subdivision (c), provides, "[t]he court may hold additional hearings during the probationary or conditional sentence period to review the defendant's financial ability to pay the amount, and in the manner, as set by the probation officer, or his or her authorized representative, or as set by the court pursuant to this section." "At any time during the pendency of the judgment rendered according to the terms of this section, a defendant against whom a judgment has been rendered may petition the probation officer for a review of the defendant's financial ability to pay or the rendering court to modify or vacate its previous judgment on the grounds of a change of circumstances with regard to the defendant's ability to pay the

10

judgment." (Pen. Code, § 1203.1b, subd. (f).) Thus, appellate challenge to a probation supervision fee, which has not even been imposed, is premature. To the extent defendant does not have the ability to pay the fee, the interests of judicial economy would be better served if defendant simply challenged any fee imposed if the probation department ever actually sets the amount of the fee.

However, contrary to People's contention, the court purportedly ordered, pursuant to the minute order, imposition of two separate drug program fees in the amounts of $190 and $50 without referring the matter to EDC or itself making an ability to pay determination. Thus, the matter must be remanded for the court to either strike the drug program fees or making an ability to pay determination before imposing them.

### DISPOSITION

The judgment is affirmed. The case is remanded to the trial court with directions that it strike the drug program fees, make an ability to pay determination and order imposition of a specific fee commensurate with that determination, or reserve ruling on the fees for a hearing at a later date.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


McKINSTER
Acting P. J.


MILLER
J.

11